Mud Creek Irrigation, Agricultural, and Manufacturing
Company v. Chas. Vivian et-al.

No. 6519.

1. **Irrigation Corporations.**—An irrigation company chartered under general law and whose charter designates the locality of its canals acquires thereby no exclusive right to the use of the waters of a flowing stream on which it depends for its supply. By virtue of its charter of incorporation which authorized the acquisition by gift, purchase, or condemnation of all property necessary to the irrigation enterprise, it secured the right to obtain in the manner designated the privilege of using the water of a stream, but the charter did not *proprio vigore* confer that right in the absence of a purchase, gift, or condemnation.

2. **Constitutional Law.**—The Legislature can not destroy or impair the vested rights of a riparian proprietor by conferring a special privilege on an irrigation company without providing for the payment of a just compensation.

3. **Riparian Proprietors—Irrigation—Cases Reviewed.**—Tolle v. Correth, 31 Texas, 365, and Fleming v. Davis, 37 Texas, 173, reviewed, and the doctrine announced that a riparian proprietor has the right to divert water flowing along or through his land to purposes of irrigation, although the effect of such use is to leave to a riparian proprietor on the stream below him a supply of water insufficient for irrigation. No opinion is expressed as to whether water can be used by a riparian proprietor for irrigation so as to render insufficient the supply for ordinary use to those owning land lower down the stream.

4. **Prescription.**—A prescriptive right to use water for irrigation will be acquired by the uninterrupted use of the water for such purpose under a claim of right. But this right can only be enforced against riparian proprietors on the stream below when the water has been continuously used for ten years under a claim of right. It can not

be asserted against a riparian proprietor by or through whose land the water flowed before it reached the point below where it is appropriated by the one claiming the prescriptive right.

5. **Presumption of Grant.**—The presumption of a grant from long continued enjoyment can exist only as against those who might have prevented or interrupted the use of the subject of the supposed grant.

APPEAL from Kinney. Tried below before Hon. Winchester Kelso. The opinion states the case.

*Clamp & Clamp*, for appellant. — 1. Plaintiff's petition alleged the facts which if true show that the Mud Creek Irrigation, Agricultural, and Manufacturing Company are entitled to use the waters of Mud Creek for irrigation purposes. The petition showed that the plaintiff corporation was chartered by the State of Texas February 25, 1875, and amended charter filed in the office of Secretary of State on February 5, 1876, and by virtue thereof and thereunder began, completed, and put in operation its third and fourth class ditch; said ditch designations were filed in the office of the county surveyor of the proper county January 26, 27, 1876; that the said canal was completed and accepted by the Ditch Commissioner of the State of Texas prior to October 1, 1876, and certificates to which it was entitled were issued to it and located, etc.; bond required by Governor, etc., entered into January 17, 1878; the issuance of stock by the company; its operation of its canal and improvement of its farm; the expenditure of ten thousand dollars on its farm; that until October, 1886, its use of the water thereunder and thereby was open, notorious, adverse, and exclusive, and conceded, and its water supply unimpaired; that since said October, 1886, defendant at a point on said Mud Creek and above plaintiff's dam erected dams, obstructions which prevent any water from flowing down said stream; that defendants cause the entire loss of said water to plaintiff, the incomputable loss to plaintiff, thereby the destruction of its ditches; the irreparable injury to plaintiff; the absence of any legal remedy; nature of relief prayed for; signature; and therefore the facts stated, if true, show first, such a grant by the State of Texas as entitles plaintiff to the use of the water of Mud Creek for irrigation exclusive in its nature and extent; and second, a title in said water by prescription, Acts of 1874, sec. 58, p. 134, subds. 1, 3; Rev. Stats., secs. 2989, 3001.

Recognition of grant. Baker v. Brown, 55 Texas, 381; Rhodes v. Whitehead, 27 Texas, 304.

Prescription. Haas v. Choussard, 17 Texas, 588.

Date of existence of corporation. Rev. Stats., art. 570, p. 96.

Amendments to charter. Rev. Stats., art. 572, p. 97.

Grants. Middleton v. Pritchard, 3 Scam., 520; Lunt v. Holland, 14

Mass., 149; Ang. on Watercourses, 7 ed., sec. 6, p. 10, sec. 158, p. 278, notes 3, 4.

The right of property in water. 2 Blacks. Com., 402.

Easements by adverse user. Record v. Williams, 7 Wheat., 59; Ang. on Watercourses, 7 ed., secs. 208, 135a, p. 231; Cary v. Daniels, 8 Met., 466; Thurber v. Martin, 2 Gray, 394; Gould v. Boston Dock Co. 13, Gray, 442; Pratt v. Lamson, 2 All., 288.

2. Independent of the grant to plaintiff of the waters of Mud Creek by plaintiff's charter and the law of the State of Texas, facts are stated in the petition which, if true, show a right thereto by prescription. The petition alleges the completion of the canal or ditch prior to October, 1876, and its adverse user thereof, and of said water since said date, and appellant maintains that the period of limitation will begin with such adverse user, and not at the date of the execution of the bond, the said bond being no condition precedent to the exercise of plaintiff's right. Baker v. Brown, 55 Texas, 381; Haas v. Choussard, 17 Texas, 588.

No brief for appellees.

GAINES, ASSOCIATE JUSTICE.—The appellant, the plaintiff below, sued as a corporation, created under the general law for the purpose of the construction and maintenance of canals for irrigation. It sought by its suit to enjoin appellees from maintaining a dam on Mud Creek above the point at which the waters of the creek entered its works. A demurrer to the petition was sustained, and there being no offer to amend the suit was dismissed. From the judgment this appeal is prosecuted, and it is assigned that the court erred in sustaining the demurrer to the petition.

The petition alleges in substance that the plaintiff company was duly incorporated under the general law for the purpose of constructing and maintaining two irrigation canals on the creek above named at a point designated in the charter, to extend in a general direction down the stream where they were to re-enter the channel. It further alleges that the works were completed and received by the State, and that it had opened a valuable farm with lateral ditches, which was cultivated by the use of water drawn through the canals, and that the defendants had built a dam above their works which held back and diverted the water so that it had ceased to flow down to their canals. It was also alleged that the corporation had been in the uninterrupted use and enjoyment of the water in the stream for the purposes of irrigation for more than ten years before the defendants erected their dam, and by reason thereof the plaintiff claimed the exclusive right to the use of the water by prescription.

No brief has been filed in this court by appellees, and we are therefore left to conjecture upon what precise grounds the petition was held in-

sufficient. But it is to be noted that while it may be suspected that the plaintiff is the owner of land abutting upon the stream and perhaps crossing it, it is nowhere distinctly alleged that such is the fact, nor is it averred that it has acquired any right in the water by purchase or condemnation from any riparian proprietor.

The action, judging from the averments in the petition, seems to be based in part upon the theory that the charter of the company by designation of the locality of the canal gave it the exclusive right of the water for irrigating purposes in that locality. This we think a mistake. The franchise granted by the charter was the usual powers and privileges conferred upon such corporate bodies as should be organized under the general law of incorporation, together with the right to acquire by gift, purchase, or condemnation such property as was necessary or proper to carry out the objects of its creation. Act of April 23, 1874, sec. 58.

The charter conferred the right to acquire water privileges, but it did not confer the privileges themselves. This principle was announced by this court in the case of Tugwell v. Eagle Pass Ferry Company, Austin Term, 1888. We there held that the ferry company by becoming a corporation under the general law for the purpose of maintaining a ferry over the Rio Grande at Eagle Pass acquired no right to operate such ferry without procuring a ferry license from the Commissioners Court of the county in which the town is situated. The corporation by filing its articles of incorporation in compliance with the law was authorized to establish and maintain a ferry as a corporation at the point designated in its articles, but it did not acquire the ferry privilege itself. So in this case the plaintiff by its incorporation became invested with the power to acquire as a corporation a privilege of using the waters of Mud Creek for the purpose of irrigation, but it did not thereby obtain a right to the use of the waters. That right remained to be acquired, which could have been done by either purchase or condemnation, provided the use was a public one.

It is true that the Act of March 10, 1875, provides that "any  *  *  *  canal company shall have the free use of the waters and streams of the State," but the provisions of that act applied as well to ordinary companies as to corporations. Laws 2d sess. 14th Leg., 77. Besides we are of the opinion that the provision could be held only to apply to streams upon the public lands of the State, since the Legislature had no power to take away or impair the vested rights of riparian owners without providing for the payment of a just compensation. If the defendants or the owners of the land along the stream in controversy had the right to use the water for the purposes of irrigating their lands, that right remained unaffected by the plaintiff's incorporation or by the legislation of the State passed for the encouragement of irrigation. It seems to be the rule of the common law that a riparian owner has no right to use the water of the stream for irrigating his lands, provided it interferes with the uses of the water

by those who own the lands upon the stream below.    That this is a proper
rule in England and in those States where the rainfall is sufficient for the
purposes of agriculture we freely concede, but we are of opinion that in
those sections where irrigation is necessary to the successful pursuit of
farming it should not apply.    What is not a necessary use in the one
case becomes necessary in the other.    Evans v. Merriweather, 3 Scam.
(Ill.), 496.    It was so held in Tolle v. Correth, 31 Texas, 365, and though
this decision was criticised in the subsequent case, Fleming v. Davis, 37
Texas, 173, we are of opinion that it recognizes a correct rule of law as
applied to the present case.

We think it a matter of common knowledge that there are portions of
our State where the business of agriculture can not be successfully prose-
cuted through successive years except by irrigation, and it is to be in-
ferred from the allegations of the petition that the section where the
stream in controversy is situated is of that character.    We think, there-
fore, that the defendants had the right to divert the water which flowed
in the stream along or through their lands for the purpose of irrigating
them, although the effect of such use was to leave the plaintiff corpo-
ration an insufficient supply for the same purpose.    Whether they had
the right to divert the whole of it and leave an insufficient supply for the
ordinary use of the lower riparian owners we need not in this case deter-
mine.

But the plaintiff also claims that it has acquired by prescription the
right to the use of the entire flow of Mud Creek for the purpose of irri-
gating their farm.    There is no question that such a right may be so ac-
quired.    If for example the plaintiff had damned the stream and thereby
flooded the lands of defendants for ten years a prescriptive right may
have been acquired.    There would have been a wrong which the defend-
ants could have redressed by suit, and from their delay in suing the pre-
sumption of a grant would have arisen.    So too it would have been if the
defendants had been the lower proprietors, and after a diversion of the
water by plaintiff for ten years, coupled with an assertion of the right to
divert, if they were now seeking a recovery against it their right of ac-
tion, if any they ever had, would have been lost.    But not so in this
case.    The diversion of the water by plaintiff, it being the lower pro-
prietor, did not interfere with any right of defendants and gave them no
cause of action against it.    They had no property in the water after it
had flowed past their lands, and no interference with it by the plaintiff
inflicted any wrong upon them.    Being not inimical to their rights it
raised no presumption against them.    "The presumption of a grant from
long continued enjoyment only arises when the person against whom
it is claimed might have prevented or interrupted the exercise of the
subject of the supposed grant."    Angell on Watercourses, sec. 219c, note

4., citing Chasemore v. Richards, 7 H. L. Cas., 349; Webb v. Bird, 13 C. B., N. S., 843.

The defendants could not have prevented or interrupted the use of the water by plaintiff by any legal proceedings because it in no manner affected their rights. We conclude that the plaintiff acquired no rights as against these defendants by prescription.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Delivered May 28, 1889.