MILLER et al. v. CITY OF BALLINGER. (No. 6034.)

(Court of Civil Appeals of Texas. Austin. May 22, 1918.)

1. APPEAL AND ERROR ⊕⟶154(3) — ORDERS APPEALABLE.

Neither the filing of an answer nor a motion to dissolve the injunction deprives defendant in an injunction proceeding of the right to appeal from a temporary writ granted upon an ex parte hearing.

2. INJUNCTION ⊕⟶118(1)—PETITION.

In order for a party to be entitled to an injunction, his petition must not only state facts showing a prima facie case, but must also negative every reasonable inference, arising

from the facts stated, that the plaintiff may not be entitled to the relief sought.

3. WATERS AND WATER COURSES ☞197 — MUNICIPAL WATER RIGHTS—INJUNCTION.

A municipal corporation, owning a waterworks system, is not entitled to injunction restraining others from using water from a stream, unless it shows that it has that right as a riparian owner, or by limitations, or by permit, under Acts 33d Leg. c. 171, and chapter 172 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5107—1 to 5107—105), and Acts 34th Leg. c. 138, with reference to use of public water.

Appeal from District Court, Runnels County; J. O. Woodward, Judge.

Proceeding by the City of Ballinger to enjoin C. S. Miller and others from pumping water out of the Colorado river. From an order granting a temporary writ of injunction, defendants appeal. Writ dissolved.

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellants.

JENKINS, J. This is an appeal from a temporary writ of injunction, granted upon an ex parte hearing, wherein appellants were enjoined from pumping water out of the Colorado river. Appellee moves to dismiss the appeal, for the reason that appellee's petition was filed in the district court April 8, 1918, and appellants were duly cited to answer the same, and thereafter, to wit, on April 18, 1918, appellants filed their answer, and on same date filed a motion to dissolve the temporary writ of injunction, and the same was set for hearing on April 19th, and that the appeal bond herein was filed on April 20th, subsequent to the date on which said motion was set for hearing, from which appellee asks that it should be presumed that the court heard and overruled the motion to dissolve. Appellants filed an affidavit herein, showing that the court below did not act on said motion to dissolve the writ of injunction, for the reason that appellee claimed the full 10 day's service of said motion, which would have placed the hearing of the same more than 15 days after the writ of injunction herein was granted, and appellants would thereby have lost their right of appeal.

[1] Neither the filing of an answer herein, nor the motion to dissolve the injunction, deprived appellants of their right of appeal. Young v. Dudney, 140 S. W. 802; Birchfield v. Bourland, 187 S. W. 422; Townsite Co. v. McFaddin, 56 Tex. Civ. App. 611, 121 S. W. 716; Houston Co. v. Park Co., 155 S. W. 965.

[2] In order for a party to be entitled to an injunction, his petition must not only state facts showing a prima facie case, but must also negative every reasonable inference, arising from the facts stated, that the plaintiff may not be entitled to the relief sought. Gillis v. Rosenheimer, 64 Tex. 243; Carter v. Griffin, 32 Tex. 213; Paris v. Sturgeon, 50 Tex. Civ. App. 519, 110 S. W. 459; Weaver v. Emison, 153 S. W. 923; King v. Driver, 160 S. W. 415; Kell v. Bank, 168 S. W. 46.

[3] Appellee's petition for injunction alleges that it is an incorporated city under the laws of this state, and that it owns and operates a waterworks system, through which it furnishes its inhabitants with water for domestic purposes and for the prevention of fire; that its main supply of water is from Elm creek, but that it has been pumping water out of the Colorado river from time to time as occasion required since 1905; that on account of severe drought its supply on Elm creek has been exhausted, and that it had been pumping from the Colorado river 30 days prior to the filing of the petition herein; that appellants have a pumping station on said river, about 1,000 feet above appellee's pumping station, and that they are pumping or threatening to pump water out of the same hole from which appellee pumps; and that if permitted to do so, said water will be exhausted in a short time, and the inhabitants of the city of Ballinger will be without water.

These allegations do not show any right in the city of Ballinger to pump water from the Colorado river. It is not alleged that appellee is a riparian owner. The allegations as to user would not be sufficient, in any event to establish a right by limitation; but the allegation that appellants are upper riparian owners shows that appellee would acquire no rights by limitation, by reason of the fact that it had been using the water below appellants' pumping station. Irrigation Co. v. Vivian, 74 Tex. 174, 11 S. W. 1078. The only right which appellee could have to the water of the Colorado river, aside from the rights of riparian owner or of limitation, would be such as might have been acquired under a permit issued under the acts of 1913 (Acts 33d Leg. c. 171, and chapter 172 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5107—1 to 5107—105]) and 1915 (Acts 34th Leg. c. 138), with reference to the use of public waters in this state. Appellee does not allege that it has sought or obtained any such permit. Failure to do so within 12 months after the passage of the act of 1913 would have barred it of any prior rights which it might have acquired by use.

Appellee's petition, not only does not negative any right of appellants to said water, but inferentially shows such right, in that, if not positively, it is at least inferentially, stated that appellants are the owners of lands contiguous to said river, and therefore would have the rights of riparian owners to such water. It further alleges that appellants are claiming that they have a permit from the board of water engineers, authorizing them to pump said water. It is not denied that they have such permit. Had appellants' petition for a permit been contested by appellee, it might have prevailed upon the ground that to grant such permit to ap-

pellants was injurious to public interest; but it does not appear that appellee contested appellants' right to a permit, and, if it did, the decision of the board of water engineers would be final on said issue, in the absence of an appeal.

For the reason that appellee's petition does not show it entitled to the temporary writ of injunction granted herein, said writ is here dissolved; and this decision will be certified to the court below for further action in the premises in accordance herewith.