## RAILROAD COMMISSION OF TEXAS et al. v. RODGERS.

### No. 7906.

Court of Civil Appeals of Texas. Austin.

Jan. 11, 1933.

See, also, 57 S.W.(2d) 285.

James V. Allred, Atty. Gen., and T. S. Christopher, Asst. Atty. Gen., for appellants.

A. M. Felts and G. P. Morgan, both of Austin, for appellee.

BLAIR, Justice.

This case is a companion case to the Forwarding Company Case, 57 S.W.(2d) 290, as referred to therein. The petition makes the same allegations with reference to appellee having operated as a carrier of freight over the highways of this state under a Class B permit issued by the Railroad Commission under the then existing law (Acts 1929, c. 314), and after the passage of chapter 277 (Vernon's Ann. Civ. St. art. 911b; Vernon's Ann. P. C. art. 1690b), the appellee filed its application for a permit to continue as a contract carrier, which was denied after a hearing.

The same constitutional questions are raised as were raised in the Forwarding Company Case, and without reiterating those we overrule them upon authority of that case.

In addition, however, in this case the appellee attacked the order of the Railroad Commission because the commission did not sit in a body on the hearing of his application, but the hearing was had before a duly appointed agent of the commission. The statute specifically authorizes the hearing to be had before the duly appointed agent of the commission, and it was not alleged that the commission was not informed as to the facts adduced on that hearing when it made its order.

There is also the additional contention made in this case that since appellee only operates two trucks distributing merchandise for the Lawrence Grocery Company, located at Bryan, Tex., to its customers in southeast Texas, that the amount of tonnage he would haul would be insignificant as compared with the bulk of tonnage available for other car-

riers, and would constitute only a small percentage of the total business available for such carriers in that portion of the state. This contention cannot be sustained, because the act does not deal with the individual contract carrier, but deals with them as a class throughout the entire state. Or, as was said by the Supreme Court of the United States in Stephenson v. Binford, 53 S. Ct. 181, 186, 77 L. Ed. ——: "The number of contract carriers on the highways of Texas having rapidly grown, as elsewhere found, the business they conduct now exists as a very large factor in commercial transportation. The court finds that it is not the effect of one such carrier or a limited number thereof which produced the serious problem with which the Legislature of Texas purported to deal and has dealt, but it is the effect, in the aggregate, of such contract carriers that is important.' "

If the matter of the insignificance of the amount of freight hauled by appellee is material at all, it was a matter which addressed itself to the sound discretion of the Railroad Commission in refusing the permit, and no facts are alleged which show an abuse of that discretion.

Since appellee's petition for the injunction did not contain allegations of such facts and circumstances as would, if true, authorize the court to adjudge the order appealed from to be unconstitutional or to be unjust and unreasonable as a matter of law, we dissolve the temporary injunction appealed from.

Injunction dissolved.