### RAILROAD COMMISSION OF TEXAS et al. v. INTER–CITY FORWARDING CO.

#### No. 7907.

Court of Civil Appeals of Texas. Austin.

Jan. 11, 1933.

See, also, 57 S.W.(2d) 285.

James V. Allred, Atty. Gen., and T. S. Christopher, Asst. Atty. Gen., for appellants.

Duvall & Dawson, of Fort Worth, and Carl L. Phinney, of Dallas, for appellee.

BLAIR, Justice.

This appeal and the appeals in the cases of Railroad Commission et al. v. Jacob T. Bradberry, 57 S.W.(2d) 294; Railroad Commission et al. v. R. M. Rodgers, 57 S.W.(2d) 294, and Railroad Commission et al. v. George A. Scott Truck Line, 57 S.W.(2d) 293, involve identical questions, and the appellant commission presents them in one brief. That is, in each case the appellee was operating prior and subsequent to the enactment of chapter 277 Acts 42nd Legislature (Vernon's Ann. Civ. St. art. 911b; Vernon's Ann. P. C. art. 1690b), motor trucks carrying freight over the public highways of this state under a Class B or contract carrier permit, issued by the Railroad Commission in virtue of paragraph B of section 1, c. 314, Acts of 41st Legislature. After the passage of chapter 277, and in accordance with its provision (section 6 (c), Vernon's Ann. Civ. St. art. 911b, § 6 (c), each appellee filed within the 30-day period allowed an application with the commission for a permit to continue contract carrier operations, which application after a hearing in each instance was denied, and the existing Class B permit of each appellee canceled. In each case the applicant appealed under section 20 of the Motor Carrier Law (Vernon's Ann. Civ. St. art. 911b, § 20), from the order denying the continuation of the existing Class B permit, and the cancellation of same by the commission, alleging that the statutes were unconstitutional under the facts alleged; and that by reason of the facts alleged the order of the commission was unreasonable and unjust as to complainant. In each case the trial court issued a temporary injunction restraining the commission from enforcing its order. The appellants filed a motion, which in effect was a general demurrer, to dissolve the temporary injunction, and which in each instance was overruled; hence this appeal. And the question presented in each appeal is whether the petition of appellee alleged "sufficient facts to give authority or jurisdiction to the court to issue the temporary injunction."

The Attorney General correctly contends for the Railroad Commission that in each appeal the petition for the temporary injunction failed to allege sufficient facts to authorize the court to grant the writ when interpreted in the light of the rule or principle upon which the court acts in reviewing any order of the Railroad Commission. The specific contention is that since each appeal is a statutory appeal under section 20 of the Motor Carrier Act (Vernon's Ann. Civ. St. art. 911b, § 20), which provides that on such appeal the court may review the order complained of only for the purpose of determining whether it is unreasonable and unjust as to complainant, it was necessary for the petition on appeal and for injunction to contain allegations of such specific facts and circumstances as would, if true, authorize the court to adjudge as a matter of law the following: (a) That the statutes under which the commission acted were unconstitutional; or (b) that the commission exceeded its statutory authority or power in making the order complained of; and (c) that there was no substantial evidence adduced on the hearing of the application for the permit before the commission to support its order denying the permit; or (d) that the order was so arbitrary under the specific facts alleged as to be beyond the exercise of reasonable judgment and discretion vested by the Motor Carrier Act in the commission to deny the permit after a hearing, thereby rendering the order of the commission "unreasonable and unjust" within the meaning of that term as used in the appeal statute.

■ It is further contended in this connection that the petition in each case is specifically deficient when viewed in the light of the well-settled rule applicable to petitions for injunctions, to the effect that the "averment of material and essential elements must be sufficiently certain to negative every inference of the existence of facts under which plaintiff would not be entitled to the relief." Gillis v. Rosenheimer, 64 Tex. 246; Birchfield v. Bourland (Tex. Civ. App.) 187 S. W. 422; Grayson County v. Harrell (Tex. Civ. App.) 202 S. W. 160; Miller v. Ballinger (Tex. Civ. App.) 204 S. W. 1173; Emde v. Johnson (Tex. Civ. App.) 214 S. W. 575; Wilkening v. Wolff (Tex. Civ. App.) 220 S. W. 598; Johnson v. Ferguson, 55 S.W.(2d) 153, by this court.

■ The general rule that as against a general demurrer every reasonable intendment is indulged in favor of the sufficiency of the pleading is not applicable to petitions for injunction as held by the above authorities.

We have chosen this case in which to write the initial opinion, and the principles of law announced will be applied to the facts stated in the other cases by reference to this case as the Forwarding Company Case.

The appellee Forwarding Company alleged that for many years prior and subsequent to

the passage of chapter 277, Acts of the 42nd Legislature, it had been operating for hire over the highways of this state motor trucks carrying freight under a Class B or contract carrier permit, issued by the Railroad Commission under the provisions of chapter 314, Acts of the 41st Legislature. That it had invested considerable sums of money in trucks and equipment; that it had at the time of the passage of chapter 277 outstanding contracts with several customers to transport freight for them between the cities of Dallas and Houston and Dallas and San Antonio over certain highways; that after the passage of chapter 277 and in accordance with its provisions, appellee filed its application for a continuance of its permit; but that the commission after a hearing denied the application and refused the permit, and canceled appellee's authority to operate as a Class B or contract carrier. Based upon these allegations of fact, appellee concludes in its petition that the order was unreasonable and unjust as to it, for the following reasons:

■ 1. That the order was unreasonable and unjust (a) because it deprived appellee of engaging in a lawful business which it had engaged in for many years prior to the cancellation of the permit; (b) there was no evidence to support the drastic order of the Railroad Commission; and (c) because the commission acted without lawful authority in canceling said permit and in refusing to issue appellee a contract carrier permit, in that there was no testimony offered that would indicate that the granting of such permit would impair the efficiency of public service of any common carrier then serving the same territory. As held in the Shupee Case, 57 S.W.(2d) 295, and in the case of Railroad Commission v. Winkle, 57 S.W.(2d) 287, these allegations are mere conclusions of the pleader not based upon any specific allegation of fact from which the court might conclude, if true and as a matter of law, that the order was unreasonable and unjust to appellee.

■■ 2. That the order of the commission was unjust and unreasonable and unconstitutional in that it contravenes section 1 of the 14th amendment to the Constitution of the United States, in that the denial of said permit constituted the taking of appellee's property without due process of law, and that the same impaired the obligations of appellee's outstanding contracts. This contention has been decided adversely to appellee by the Supreme Court of the United States in the recent case of Stephenson v. Binford, 53 S. Ct. 181, 184, 77 L. Ed. ——, where it is held that the Texas statutes under consideration declare the public policy of this state in denying permits to contract carriers to transport freight for hire, to be the conservation of the highways and the protection of the traveling public in their use; and where it is further held as follows: "It is well established law that the highways of the state are public property; that their primary and preferred use is for private purposes; and that their use for purposes of gain is special and extraordinary, which, generally at least, the legislature may prohibit or condition as it sees fit."

Ex parte Sterling (Tex. Sup.) 53 S.W.(2d) 294; Ex parte Phares (Tex. Sup.) 53 S.W.(2d) 297; Box v. Newsome (Tex. Civ. App.) 43 S. W.(2d) 980, 981; Stephenson v. Binford (D. C.) 53 F.(2d) 509.

■ The Stephenson v. Binford Case, supra, further holds that the matter of denying the use of the highways to private persons or corporations for the operation of motor vehicles for private gain was a subject wholly within the purview of the Legislature, and that no court had authority to review its action in that respect, because such regulations of its highways merely involved a consideration of the public policy of this state, and with which consideration the courts have no concern. That the act was not unconstitutional because it authorized the Railroad Commission to deny the permit of any contract carrier who had theretofore operated under a Class B permit, and who might have outstanding contracts, even though it did result in modifying or abrogating the contracts already in existence. The court based its decision upon the well-recognized principle that the public highways belonged to the state and were public property; and that any contract with reference to their future use by any individual is to be regarded as having been made subject to the future exercise of the constitutional power of the state through its Legislature to impose such conditions and regulations as public convenience, safety, and necessity might demand. The court further held that in so protecting the state highways for their primary use for the public, the Legislature had the right to impose upon contract carriers for hire the condition that the permit should be refused in the event that common carriers serving the same territory were reasonably adequate to care for all transportation of freight. It is held that the state provides for its highways and pays for their upkeep; that the state is not powerless to protect its highways from being subject to heavy burdens of motor vehicle transportation when other means of transportation are available. The court further held that since common carrier transportation is conceived to be a great public necessity, and one in which all the public is interested, and since the act was a means of both protecting its highways and the maintenance of a reliable and convenient common carrier transportation system, that the Legislature had the right to require that any contract carrier whose operation might interfere with the maintenance of such common carrier service might, in the discretion of the Railroad Commission, be prohibited from operation. Like rulings on principle were made by the

Commission of Appeals in Ex parte Sterling, 53 S.W.(2d) 294, 297, and Ex parte Phares, 53 S.W.(2d) 297, where the statutes in question are held to be constitutional against the attack made; and where it is further held that the "use of public highways by common carriers of property for hire is an extraordinary use enjoyed as a mere privilege * * * revocable at the will of the Legislature." And since the matters presented in this appeal involve matters which the Legislature may reasonably and lawfully regulate, the fact that appellee purchased his trucks and equipment prior to the enactment of such statute, or that the contracts were made prior to the enactment of the statutes, does not render them unconstitutional, because they must be regarded as having been made subject to the future exercise of the power of the Legislature to protect the state's highways, which by this act it has done by requiring existing common carriers to transport freight where they are reasonably adequate to do so, thereby alleviating the highways of the burden placed upon them by the transportation of freight by private motor vehicle contract carriers.

With the exception of these constitutional questions, all other matters relating to the sufficiency of the petition in each of these appeals have been dealt with by this court in the Shupee and Winkle Cases above referred to. We, therefore, do not see that it is necessary to further discuss the questions raised in this specific case.

The temporary injunction granted by the trial court will be dissolved.

Injunction dissolved.