

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 15, 1951

Hon. D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Opinion No. V-1237

Re: Authority of the Highway
Commission to authorize
motor buses to have prior-
ity over other traffice in
boarding the Galveston-
Bolivar ferry.

Dear Sir:

Your request for an opinion reads:

"Coastal Coaches, Incorporated, has filed with the
Highway Commission an application for priority or pref-
erential use of the Galveston-Bolivar ferries by its mo-
tor buses on holidays, week ends and all other times when
traffic using such ferries is heavy enough to prevent such
coaches from obtaining space on the first ferry boat leav-
ing the terminal after the arrival of such bus. Inasmuch
as the Galveston-Bolivar ferry is operated as a part of the
Texas Highway System, the Highway Commission is doubt-
ful of its authority to extend a preferential or priority right
to the Coastal Coaches, Incorporated, to use the ferries in
this manner, and has directed me to request your opinion
and advice on this question.

"It will be appreciated if you will advise me, at your
early convenience, if the Highway Commission has legal
authority to grant the application of Coastal Coaches, In-
corporated, should it be considered desirable to do so."

The records of the Railroad Commission of Texas reflect
that Coastal Coaches, Incorporated, is a common carrier motor bus
company operating over the highways of Texas for compensation and
hire pursuant to authority granted it under the provisions of the Tex-
as Motor Bus Law [Article 911a, V.C.S.].

The authority of the State Highway Department to operate
ferries is contained in Article 6812a, V.C.S., which, in so far as

pertinent to your inquiry, provides:

> "Section 1. The State Highway Department is hereby authorized to acquire by purchase, and/or to construct, maintain, operate and control ferries, out of the Highway Fund of the State of Texas, over and across any bay, arm, channel or salt water lake emptying into the Gulf of Mexico, or any inlet of the Gulf of Mexico, any river or other navigable waters of this State where such ferries connect designated State highways, and which may be made self-liquidating or partially self-liquidating by the charging of tolls for the use thereof."

Nothing in the above statute indicates that, in the operation and control of a ferry, the Commission may grant preferences or priorities in the use of such ferries.

The principle applicable to your question is stated in 40 C.J.S. 253, Highways, Sec. 233, as follows:

> "The primary and preferred use of the highways of the state is for private purposes of the public, and no one can acquire a right to a special or exceptional use of a public highway not common to all the citizens of the state except by grant from the sovereign power."

The above rule has been followed in Texas. City of Dallas v. Harris, 157 S.W.2d 710 (Tex.Civ.App., 1941, error ref.); Railroad Commission of Texas v. Smith, 57 S.W.2d 290 (Tex. Civ. App., 1933); Railroad Commission of Texas v. Bradberry, 57 S.W.2d 294 (Tex. Civ. App., 1933).

We are therefore of the opinion that, in the absence of express legislative grant, the Highway Commission does not have authority to grant priorities or preferences in the use of a ferry under its control to a common carrier bus line merely to relieve the carrier from delays caused by the buses waiting their turn to board the ferry.

## SUMMARY

The Texas Highway Commission has no authority to grant buses operated by a common carrier motor

bus line priority over other vehicles during heavy
traffic in boarding the Galveston-Bolivar ferry.

Yours very truly,

APPROVED:

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

NMcD:mf

PRICE DANIEL
Attorney General

By *Ned McDaniel*

Ned McDaniel
Assistant