**TEX–WIS COMPANY et al., Appellants,**

v.

**Margaret JOHNSON et al., Appellees.**

**No. 5442.**

Court of Civil Appeals of Texas, Waco.

June 26, 1975.

Rehearing Denied July 31, 1975.

Cox, Pakenham & Roady, Joe G. Roady, Houston, for appellants.

Mac L. Bennett, Jr., Normangee, Tillman, Pribilski & Hunt, James R. Hunt, Houston, Haley, Fulbright, Winniford, Bice & Davis, Sherwin A. Winniford, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Tex-Wis Company, et al., from judgment for plaintiffs Margaret Johnson, et al., for title and possession to two adjoining tracts of land (53.631 and 96.824 acres totaling 150.45 acres) in Leon County.

Plaintiffs Margaret Johnson et al., the heirs of King Alexander and wife, Julia, sued Tex-Wis Company (whose President/agent is George H. Henderson), Tex-Wise Company's attorneys (to whom Tex-Wis had conveyed an interest in the land subject of this case), and a lessee, for title and possession of two tracts of land in Leon County, tract one being 53.631 acres out of the TCRR Survey, and tract two being 96.-824 acres out of the same survey.

Trial was to a jury, pertinent of which findings are summarized as follows:

1) Plaintiffs, or those under whom they claim hold exclusive, peaceable and adverse possession of 96.824 acres (being Tract 2), cultivating, using or enjoying same for ten years or longer between March 16, 1911, and March 16, 1972.

2) Plaintiffs, or those under whom they hold and claim, have had and held actual, continuous, peaceable and exclusive possession of said 96.824 acres beginning March 16, 1911, and ending in 1964.

3) Plaintiffs, or those under whom they claim, hold exclusive, peaceable and adverse possession of 53.631 acres (being Tract 1), cultivating, using or enjoying same for ten years or longer between March 16, 1911, and March 16, 1972.

4) Plaintiffs, or those under whom they hold and claim have had and held actual, continuous, peaceable and exclusive possession of said 53.631 acres from March 16, 1911, to 1964.

9) Defendant Tex-Wis Company or those under whom it claims did not hold exclusive, peaceable and adverse possession of 96.824 acres (being Tract 2), cultivating, using or enjoying same for any continuous period of ten years or longer between March 16, 1911, and March 16, 1972.

11) Defendant Tex-Wis Company or those under whom it claims did not hold exclusive, peaceable and adverse possession of 53.631 acres (being Tract 1), cultivating, using or enjoy-

ing same for any continuous period of ten years or longer between March 16, 1911, and March 16, 1972.

13) Defendant, Tex-Wis Company or those under whom it claims did not hold peaceable, adverse and continuous possession of 96.824 acres (being Tract 2) for any period of three consecutive years prior to March 16, 1972.

The trial court rendered judgment on the verdict for plaintiffs for title and possession of tract one being 53.631 acres, and tract two being 96.824 acres.

Defendants appeal on 13 points, contending:

1) The trial court erred in rendering judgment for plaintiffs for the 53.631 acre tract on the basis of record title, because: 1) the 1911 judgment is insufficient to describe the tract; 2) there is no evidence the 53.631 acre tract is the same tract as the tract described in the 1911 judgment; and 3) there is no evidence the 53.631 acre tract was located by King Alexander pursuant to the 1911 judgment.

2) The trial court erred in rendering judgment for plaintiffs for both tracts based on ten-year statute of limitation, there being no evidence of possession of either tract for ten years; and/or such findings are so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

3) The evidence establishes as a matter of law defendants had adverse possession of both tracts for more than 10 years; that defendants had adverse possession of the 96.824 acre tract for more than 3 years; and jury findings 9, 11 and 13 that defendants did not have adverse possession of both tracts for ten years, and of the 96.824 acre tract for more than 3 years, are against the great

weight and preponderance of the evidence.

A schematic diagram of the land involved in this case follows:

Tract 1

53.631 acres

Tract 2

96.824 acres

Prior to 1892 King Alexander and wife Julia moved on to, made improvements and took possession of the entire 150 acres. In 1911 a judgment was rendered awarding King Alexander and wife title to 50 acres. King Alexander purchased Tract 2 in 1918, but a mortgage thereon was foreclosed by Trustees Deed in March 1921. Julia died in 1921; and King died in 1934. King and Julia in their lifetimes, and plaintiffs following the deaths of King and Julia occupied the two tracts until 1964.

Defendants obtained a quitclaim deed in 1948, which excepted 50 acres owned by King Alexander, to some 600 acres in the TCRR Survey.

We revert to defendants' contention 1, that plaintiff did not establish a record title to the 53.631 acres. A judgment rendered in 1911 decreed 50 acres to King Alexander to be selected and carved out of the 150 acres he had claimed. There is evidence that King Alexander had such surveyed out in 1915, and placed same of record in Vol. 175, page 300 of the Leon County Deed Records. Surveyor Hodges testified he located such land; that the 53.631 acres described in plaintiffs' trial pleadings is identical to the description he prepared and that same conforms to the description in Vol. 175, page 300 Deed Records of Leon Coun-

ty. The 1911 judgment was sufficient to describe the 53.631 acre tract; there is evidence the 53.631 acre tract sued for by plaintiffs is the same tract as described in the 1911 judgment; and there is evidence such tract was located by King Alexander in 1915 pursuant to such judgment, and placed of record in Vol. 175, page 300 of the Deed Records of Leon County, and that such land described in Vol. 175, page 300 is the same land plaintiffs sued for.

Plaintiffs established record title to the 53.631 acre tract. We further note that defendants' quitclaim deed which they received in 1948, excepted the King Alexander 50 acres; and defendants' 1951 lease of land to McKnight likewise excepted such 50 acres.

■ Contention 2 is that there is no evidence or insufficient evidence that plaintiffs had possession of either tract for ten years. Plaintiffs and those under whom they claim were in possession of the 53.631 acre tract from 1911 until 1964. Plaintiffs were in possession of the 96.824 acre tract from 1934 until 1964. Margaret Johnson testified she was 59 years old; born on the place; was granddaughter of King and Julia Alexander; that she lived on the 150 acres until the late 1950's; that Aunt Kitty Alexander lived on the place until 1964; that four houses, in addition to the King Alexander house, were erected on the 96 acre tract; that her uncles, their wives and children all lived there, making their living by farming and raising livestock; the entire 150 acres was enclosed by fences until the 1950's when they rotted away; that in addition, the farming areas were separately fenced. We think the evidence sufficient and ample to sustain plaintiffs' possession of the two tracts from 1934 to 1964.

■ Defendants assert plaintiffs could not claim the 96.824 acres after the 1921 foreclosure, because King Alexander became a tenant at that time and could not claim adversely unless actual notice of repudiation was given. Plaintiffs here and those under whom they claim possession here was so open, notorious, exclusive and inconsistent with the existence of title in others that there is an inference of notice to landlord out of possession of repudiation. Vasquez v. Meaders, 156 Tex. 28, 291 S.W.2d 926.

Defendants' contention 3 is that the evidence establishes as a matter of law defendants had adverse possession of both tracts for more than ten years; the 96.824 acre tract for more than 3 years; and that jury findings 9, 11, and 13 are against the great weight and preponderance of the evidence.

George H. Henderson, President of Tex-Wis, testified that in 1964 he offered to buy the 150 acres from defendants for $50. per acre; (Mrs. Johnson testified $100. per acre). Defendant Tex-Wis obtained a quitclaim July 27, 1948, excepting King Alexander's 50 acres; Tex-Wis leased its land to McKnight in November 1951, excepting the King Alexander 50 acres; McKnight, who was lessee of defendants' land, leased the land here in controversy from plaintiffs for the year 1959, and in 1957 purchased a house from one of the plaintiffs for $80. to be moved off of the place.

■ The acknowledgement of title ·in plaintiffs by defendants Tex-Wis offering to buy the land in controversy precluded any limitation running in favor of defendants after 1964 as a matter of law and is evidence showing their possession at any time was not adverse to plaintiffs. McDonald v. Batson, Tex.Civ.App., NWH, 501 S.W.2d 449; Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81; Allen v. Sharp, Tex.Civ. App., Er.Ref., 233 S.W.2d 485; Wolgamot v. Corley, Civ.App., 523 S.W.2d 491.

All of defendants' points and contentions have been considered and are overruled.[1]

Affirmed.

1. Except point 8 which was conceded by appellees and is applicable to the 25 year statute of limitation not pertinent to this appeal.