

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL,
ATTORNEY GENERAL

March 22, 1976

The Honorable Bill Clayton
Speaker of the House
State Capitol
Austin, Texas   78701

Opinion No. H- 799

Re:  Method of assessing
irrigated agricultural
land.

Dear Speaker Clayton:

You requested our opinion concerning the taxation of irrigated land under article VIII, section 1-d of the Texas Constitution.

Article VIII, section 1-d provides in relevant part:

> (a)   All land owned by natural persons which is designated for agricultural use in accordance with the provisions of this Section shall be assessed for all tax purposes on the consideration of only those factors relative to such agricultural use. 'Agricultural use' means the raising of livestock or growing of crops, fruit, flowers, and other products of the soil <u>under natural conditions</u> as a business venture for profit, which business is the primary occupation and source of income of the owner.   (Emphasis added).

Specifically, you ask (1) whether the term "natural conditions" as used in section 1-d obligates a taxing authority to value land that uses irrigation or has irrigation potential differently from land that does not have water for irrigation and is considered to be dry land and (2) if irrigated land is not valued differently, what definition of "natural conditions" would be constitutional under the Fourteenth Amendment to the United States Constitution?

Land eligible for assessment under section 1-d is taxed according to its value, but the value is one determined on the assumption that the land can be used only for agricultural purposes. King v. Real, 466 S.W.2d 1 (Tex. Civ. App. -- San Antonio 1971, writ ref'd n.r.e.). The possibility that the land may be worth more if used for other purposes, e.g., subdivided for a housing development, may not be considered. King v. Real, supra at 7. Such a scheme of "preferential assessment" is intended to encourage continued use of land for agriculture by providing tax relief to certain owners of ranch or farm land who otherwise might sell the land or convert it to a more intensive use because of an inability to pay higher taxes resulting from land values increased by nearby residential, industrial, or resort growth. See Klitgaard v. Gaines, 479 S.W.2d 765, 768 (Tex. Civ. App. -- Austin 1972, writ ref'd n.r.e.); Braden, The Texas Constitution: An Annotated and Comparative Analysis, Art. VIII at 15-17 (Preliminary Edition 1974); U.S. Dept. of Agriculture, State Programs for the Differential Assessment of Farm and Open Space Land (1974); c.f. Gragg v. Cayuga Ind. School Dist., 525 S.W.2d 32 (Tex. Civ. App. -- Tyler 1975, writ ref'd n.r.e.) (Rehearing granted; arguments heard January 7, 1976); San Marcos Consolidated Ind. School Dist. v. Nance, 495 S.W.2d 335 (Tex. Civ. App. -- Austin 1973, writ ref'd n.r.e. at 502 S.W.2d 694, 1974); Driscoll Foundation v. Nueces County, 445 S.W.2d 1 (Tex. Civ. App. -- Beaumont 1969, writ ref'd n.r.e. at 450 S.W.2d 320).

In the dryer regions of Texas, irrigation is a factor relative to the use of land for agricultural purposes. See Mud Creek Irr. Agr. & Manuf. Co. v. Vivian, 74 Tex. 170, 11 S.W. 1078, 1079 (1889). Your first question is whether, in those regions in which irrigation is important, the term "natural conditions" in section 1-d requires that land with water for irrigation be valued for tax purposes as though the water is not present.

The precise meaning of any word must be determined from the context in which it is used. 53 Tex.Jur.2d Statutes § 147. In section 1-d, the "natural conditions" restriction is part of the definition of "agricultural use." In turn, "agricultural use" is important both as a qualification for preferential assessment under section 1-d and as the basis for the actual assessment. Unless land is "designated for

agricultural use", it is not valued for tax purposes "on the consideration of only those factors relative to such agricultural use."  In the context of your first question, this means that if "natural conditions" requires eligible land to be assessed only on its "dry" value, it also requires that no land may qualify under section 1-d unless "designated" for use as dry land.  Irrigated land would be ineligible. No rational basis for such a distinction is apparent.  In our opinion, such a construction would be contrary to the purpose of article VIII, section 1-d, and could create a constitutionally questionable classification.  See Kahn v. Shevin, 416 U.S. 351 (1974).  Therefore, in those dry regions of Texas where irrigation is a factor relative to the use of land for agricultural purposes, irrigation or the potential for irrigation should be considered in determining the value of land under section 1-d.

Having concluded that irrigated land is valued as such and not as dry land, we need not answer your second question concerning the constitutionality of possible meanings of the "natural conditions" restriction.

### S U M M A R Y

Under article VIII, section 1-d of the Texas Constitution, irrigation or the potential for irrigation is a factor relative to the agricultural use of land and may be considered in determining the value of land for purposes of taxation.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb