The FIRST NATIONAL BANK OF MARSHALL, Texas, Trustee, Appellant,

v.

J. W. BEAVERS Jr. and Mildred L. Bowden, Appellees.

No. 8777.

Court of Civil Appeals of Texas, Texarkana.

June 10, 1980.

Jason R. Searcy, Abney & Baldwin, W. N. Dorsett, Marshall, for appellant.

Allen Weed, Talmage Boston, Shank, Irwin, Conant, Williamson & Grevelle, Dallas, for appellees.

HUTCHINSON, Justice.

Appellant, First National Bank of Marshall, seeks by this action to permanently enjoin appellees, J. W. Beavers, Jr. and Mildred L. Bowden, from maintaining a dam on their property that causes the flooding of lands belonging to appellant. Appellees respond by asserting the perfection of a prescriptive easement upon appellant's land under the ten (10) year statute of limitations, Article 5510, Tex.Rev.Civ.Stat.Ann.

Appellant and appellees own adjoining tracts of land in Upshur County. In June of 1964, appellees' father, J. W. Beavers, Sr., built a dam on his property and by September of that year a fourteen acre lake had been formed, seven acres of which was upon appellant's land. In 1973, J. W. Beavers, Sr. and his wife conveyed their land to the appellees describing the same by metes and bounds which did not include the seven acres of appellant's land submerged by the damned up water, but the description was followed by the phrase "together with all and singular the rights and appurtenances thereto in anywise belonging." Appellant discovered the existence of the lake in 1973 and immediately contacted the appellees about the possibility of lowering the dam. From 1973 to 1975, when appellant filed this suit, the parties sought a settlement of their claims but failed to reach a compromise.

Trial was to a jury and only one special issue was submitted, the same, and the answer thereto, being:

"Do you find from a preponderance of the evidence that J.W. Beavers, Jr., and Mildred L. Bowden, and their predecessor in title, held exclusive, peaceable, open and adverse use of the land in controversy which is beneath the lake on the north part of Tract 65 by impounding water for a period of ten (10) years or longer prior to Plaintiffs' filing of this lawsuit on August 15, 1975?

"Answer 'yes' or 'no.'

"ANSWER: Yes"

Thereafter judgment was entered denying the prayed for injunction and quieting

title in appellees of an easement in, on, over and across appellant's land flooded by the Beavers' dam.

■ Appellant by its first point of error asserts that the trial court erred in rendering judgment for appellees because there was no evidence of a transfer to them by their father of any prescriptive claim to appellant's land. By this assertion, appellant contends that since the conveyance to appellees by their father on August 31, 1973, did not specifically include any claim he might have had to a prescriptive easement on appellant's land, appellees could not tack his possession to theirs in order to assert the ten (10) year statute of limitations. The basis for this assertion is Article 5516, Tex.Rev.Civ.Stat.Ann., which permits the tacking of one person's possession to that of another for limitation purposes only if there is a privity of estate between them. A parol delivery of possession from a prior to a later occupant will suffice to tack the possessions if there is an actual transfer of possession. *McAnally v. Texas Co.*, 124 Tex. 196, 76 S.W.2d 997 (1934). It is not necessary to expressly describe the prescriptive easement in the conveyance of the dominant estate, whether that conveyance be by deed or otherwise. In *Martin v. Burr*, 111 Tex. 57, 228 S.W. 543 (1921), it was stated that the language "together with all rights and appurtenances" was sufficient to show the grantor's intent to convey that which he claimed as an appurtenant right to the conveyed land. See also Restatement of Property § 464 (1944). The record here reflects that Appellee Beavers assisted in the construction of the dam, actually paid for its construction, and that both he and his father intended for the impounded water to cover a portion of appellant's property. The deed in the present case, together with the other facts shown, is sufficient to establish the required privity of estate to permit the tacking of the possession of appellees' father to their own in order to satisfy the requirements of Article 5510, Tex.Rev.Civ.Stat.Ann. Appellant's first point of error is without merit.

■ Appellant's remaining points are no evidence points and that the jury's response to the submitted issue was against the great weight and preponderance of the evidence. By such points appellant asserts that the Beavers' use of their land was not adverse, exclusive and continuous. In making such assertions appellant states that no Texas court has addressed the issue of whether continuous flooding alone can constitute adverse, exclusive and continuous use sufficient to secure a prescriptive easement. However, our Supreme Court recognized at an early date that a prescriptive easement may be acquired by flooding of a neighbor's land. *Haas v. Choussard*, 17 Tex. 588 (1856). There Chief Justice Hemphill stated in dictum that ten years uninterrupted enjoyment of the use of a dam, whereby the water is backed upon the land of another, would give a right of prescription to maintain the dam ever afterwards at the height at which it had been kept throughout the period of ten years. See also *Thomas v. Fin & Feather Club*, 106 Tex. 490, 171 S.W. 698 (1914); *Mud Creek Irr., Agr. & Mfg. Co. v. Vivian*, 74 Tex. 170, 11 S.W. 1078 (1889); and *Rhodes v. Whitehead*, 27 Tex. 304 (1863). Appellant's reliance upon the cases of *Simpson v. Wabash R. Co.*, 145 Mo. 64, 46 S.W. 739 (1898), and *Harris v. Southeast Portland Lumber Co.*, 123 Or. 549, 262 P. 243 (1927), is misplaced. In *Simpson* the flooding was done under the right of a license, thus permissive and not adverse. In relying upon *Harris*, appellant fails to distinguish between the obtaining of title to the land and the obtaining of an easement. The court there specifically did, using the following language:

"An easement in lands by prescription may be acquired by the construction and maintenance of a dam across the stream, thereby causing the land to be continuously submerged for the statutory period; but the mere flooding of lands, however long continued, is not a possession which will ripen into title to the land. . . . The right to overflow land, like other easements, may be acquired by a peaceable, uninterrupted, and adverse enjoyment of the right for the period of time

limited by the statute of limitations for the right of entry upon the land. . ."

". . . the right of one riparian owner on a stream to flood the lands of an upper riparian owner may be acquired by the continuous use for ten years of a dam which raises the water of the stream and causes it to flow upon and to flood such lands; . . ."

Appellant also contends that appellee, Beavers, Jr., prior to the completion of the ten year limitation period, by various letters acknowledged that the full title to the inundated land was in the appellant and that such acknowledgment defeats his claim of an easement by limitations. It was held in *Wolgamot v. Corley*, 523 S.W.2d 491 (Tex.Civ.App. Waco 1975, writ ref'd n.r.e.), that where a possessor acknowledges another's superior title before completion of the limitation period such acknowledgment will defeat the claim of limitations. See also *Tex-Wis Company v. Johnson*, 525 S.W.2d 232 (Tex.Civ.App. Waco 1975), *affirmed*, 534 S.W.2d 895 (Tex.1976). If such an acknowledgment is made after the limitation period has been completed, such acknowledgment does not automatically destroy the title thus obtained, but it is admissible in evidence as tending to show that the possession was not in fact adverse. *Bruni v. Vidaurri*, 140 Tex. 138, 166 S.W.2d 81 (1942); *Trevino v. Munoz*, 583 S.W.2d 840 (Tex.Civ.App. San Antonio 1979, no writ). However, the limitation claimant may attempt to "buy his peace" without absolutely destroying his limitation claim. *Bruni v. Vidaurri*, supra; *Catching v. Bogart*, 138 S.W.2d 245 (Tex. Civ.App. Amarillo 1940, writ ref'd). The record here fails to disclose any outright offer to purchase prior to the running of the limitation period and any offer that may have been made after the limitation period was complete was not unconditional. There were no unequivocal admissions that no prescriptive easement had been claimed or obtained and appellees' actions and assertions were consistent with the claimed easement.

No reversible error having been shown, the judgment of the trial court is affirmed.

WILLIAM J. CORNELIUS, C. J., not participating.