## RAILROAD COMMISSION OF TEXAS v. WINKLE.

### No. 7865.

Court of Civil Appeals of Texas. Austin.
Jan. 11, 1933.

Jas. V. Allred, Atty. Gen., and T. S. Christopher, Asst. Atty. Gen., and Chas. M. Spence, of Dallas, and Claude Pollard, of Austin, for appellant.

Geo. O. Wilson, of Dallas, and J. C. Duvall, of Fort Worth, for appellee.

BLAIR, Justice.

The questions in this appeal relate to the sufficiency of the pleadings and proof of appellee to establish that the particular order of the Railroad Commission complained of was unreasonable and unjust as to him, and as pointed out in the preliminary statement of the Shupee Case (Tex. Civ. App.) 57 S.W. (2d) 295, these questions are determinable by the same general principles of law therein announced.

This suit arose as an appeal by appellee under section 20 of the Motor Truck or Carrier Law (Vernon's Ann. Civ. St. art. 911b, § 20) from an order of the Railroad Commission denying the application of appellee to increase his schedule of motor truck operations as a common carrier for hire under his certificate of convenience and necessity No. 2335, from three ("one schedule from Henderson each Monday, Wednesday, and Friday, returning each Tuesday, Thursday, and Saturday") to six round-trip schedules per week (one each day except Sunday), between the cities of Dallas and Henderson. The commission denied the increase schedules because "the facts presented at the hearing by applicant failed to establish the public convenience and necessity" for the increase schedules, and because "the common carriers now authorized to operate over the proposed route are rendering all the service that the public convenience and necessity require, and are capable of rendering any increase service that can reasonably be expected to arise within the near future." On his appeal to the district court, appellee alleged that this order was unreasonable and unjust as to him, and as particular facts showing the alleged existence of a

public convenience and necessity for the increase schedules, he pleaded the nature and character of his equipment, the nature and extent of his present service, and the condition of the highways and the territory being served; the fact that an oil field had been discovered as the result of which both the population and freight business in the territory were doubled; that he was being tendered more freight than he could handle on the three schedules; that there was a public necessity for daily overnight service from Dallas to Henderson and intermediate points with early morning delivery as appellee proposed to make; that other transportation facilities were not adequate to properly care for the public interest; and that such proposed increase schedules would not impair the service of other transportation facilities serving the same territory.

The commission filed a general demurrer and several special exceptions enlarging the general demurrer, which were overruled, and a general denial.

A trial to a jury on special issues resulted in a judgment setting aside the order of the commission denying the increase schedules as being unreasonable and unjust; and an order enjoining the commission from interfering with appellee in the operation of the increase schedules, subject, however, to its regulatory supervision required by the statutes; hence this appeal.

The commission contends that since the Motor Carrier Statutes conferred upon it the exclusive power and authority to grant a certificate of convenience and necessity to operate motor trucks as common carriers for hire over the highways of this state only when and if a public convenience and necessity existed for such services; and since the appeal section of the Motor Carrier Act (Section 20) only conferred jurisdiction on the court on appeal to determine whether the order denying the increase schedules for additional truck operations was unreasonable as to appellee, that before he might vacate such order as being unreasonable and unjust, he was required to both allege and prove specific facts showing that in denying the increase schedules the commission either exceeded its constitutional or statutory authority, or made the order without any substantial evidence to support it; or that, having regard to the interests of both the public and appellee as the proposed common carrier for hire, its order denying the increase schedules was so arbitrary as to be beyond the exercise of the reasonable discretion and judgment vested in it; and that the judgment of the trial court vacating the order should be reversed because neither the pleadings nor proof adduced on the appeal and trial de novo showed the existence of any such state of facts.

Appellee contends, however, that the appeal section of the act conferred general power and jurisdiction on the court to review all acts of the commission in its administration of the Motor Carrier Laws, to try anew or de novo any appealable matter, and to substitute its own finding based upon a preponderance of evidence for that of the commission. Or to be more specific, appellee contends by his one counterproposition, as follows:

"In an appeal from an order of the Railroad Commission whereby it denied an application for an increase in schedules of a common carrier operating motor vehicles over the highways of the state, the district court has power and jurisdiction to try the issues as in other civil causes, and, where in such trial, the jury finds (1) that the order is unjust and unreasonable, (2) that taking into consideration existing transportation facilities public necessity and convenience requires the operation of a schedule of one round trip per day, except Sunday, (3) that the granting of the schedule of one round trip per day, except Sunday, will not unreasonably interfere with the use of the highways by the general public, and (4) that the transportation service rendered by existing common carriers operating into and out of Henderson and intermediate territory, between Henderson and Dallas and other cities and towns located upon the route, is not reasonably adequate to meet the transportation needs of such cities and towns and intermediate territory, the court was authorized and justified in entering judgment setting aside and holding for naught the order denying the increase of schedules for three round trips per week to one daily trip, and in adjudging that the public necessity and convenience required the operation of such daily schedule."

These same contentions were made in the Shupee Case and were there decided adversely to these contentions of appellee. It is true the Shupee Case involved the Motor Bus Laws while this case involves the Motor Truck or Carrier Laws, but they are similar in every respect as to purpose and intent. That is, each act is a part of the Motor Transportation Laws (see Vernon's Ann. Civ. St. arts. 911a, 911b; Vernon's Ann. P. C. art. 1690b) which vest in the Railroad Commission the broad discretionary power and authority to grant or refuse a certificate of convenience and necessity to operate a bus or truck line over the public highways of this state as common carriers of persons or freight for hire, dependent upon the determination by the commission of the existence or nonexistence of a public convenience and necessity for such services. In determining whether the public necessity demands, or the public convenience will be promoted by a proposed bus or truck service, the commission

exercises its power and authority merely as an arm of the Legislature and as an administrative body, the commission being enjoined by the statutes to act primarily in the interest of the safety, convenience, and necessity of the public, to protect the highways for public use, and to maintain safe and dependable motor bus or motor truck transportation over the public highways, where public convenience and necessity demand. And as held in the Shupee Case the appeal sections of the act are similar and are interpreted to mean that the court on appeal shall not interfere with the Railroad Commission or review its acts or orders administering the Motor Transportation Acts further than is necessary to keep it within the law, and to require that its orders shall be based upon substantial evidence, and not upon an arbitrary exercise of its discretionary power and authority. Appellee's petition failed to allege any such matters or facts as would bring his case within these rules, and the general demurrer thereto should have been sustained under the rules announced in the Shupee Case.

We pretermit a lengthy analysis of the pleadings in this case. Suffice it to say that the petition on appeal alleged no specific facts upon which to base the general conclusions of the pleader that a public necessity existed for the increase schedules, and particularly for an early morning delivery; and that existing transportation facilities were inadequate to serve the territory. There were no facts alleged showing that the commission had exceeded its statutory authority, or that the order complained of was not based upon substantial evidence adduced on the hearing of application for the increase schedules; nor were there any allegations of specific facts which, if true, would show as a matter of law that the commission acted arbitrarily or abused the discretionary power vested in it to deny the increase schedules applied for. Such allegations of specific facts were necessary under the rule announced in the Shupee Case and the cases there cited.

■ Passing to a consideration of the sufficiency of the evidence, we find that it furnished a substantial basis for the order refusing the increase schedules. In short, it showed that the early morning deliveries proposed would be convenient for certain customers of appellee, but that no real public necessity for such service existed. The evidence also showed that daily truck service by other motor truck common carriers and by railroads were reasonably adequate to serve the public need in the territory in question. And as pointed out in the Shupee Case, public convenience alone does not authorize the issuance of a certificate, but there must also be a public necessity.

■ Briefly stated, both the pleadings and proof of appellee were insufficient, because the specific allegations of the petition, viewed in their entirety, and the proof offered on the appeal and trial de novo, merely alleged and proved facts upon which the application for the increase schedules might have been granted; or question the soundness of the discretion and judgment of the commission in denying them; but the pleadings do not allege, nor does the proof establish any facts showing an abuse of its discretionary power and authority to deny the increase schedules proposed by appellee. It is also manifest that appellee's counterproposition is erroneous wherein it stated that the appeal statute authorized the court to put itself in the place of the commission to try the administrative matter of granting the increase schedules anew as an administrative body, substituting its findings with regard to a public convenience and necessity for the service, based upon a preponderance of evidence adduced on the appeal and trial de novo, for those of the commission. Such is not the principle on which the court acts on the statutory appeals, as was fully discussed and pointed out in the Shupee Case.

We reverse the judgment of the trial court setting aside the order of the commission complained of, and dissolve the injunction granted herein against the commission.

Reversed and injunction dissolved.