### RAILROAD COMMISSION OF TEXAS et al. v. WINKLE.

### No. 7858.

Court of Civil Appeals of Texas. Austin. Jan. 11, 1933.

Rehearing Denied Feb. 1, 1933.

See, also, 57 S.W.(2d) 285.

James V. Allred, Atty. Gen., and T. S. Christopher, Asst. Atty. Gen., for appellant Railroad Commission.

Andrews, Streetman, Logue & Mobley, of Houston, and T. D. Gresham, M. E. Clinton, and Chas. M. Spence, all of Dallas, for appellants Texas & Pac. Motor Transport Co. and Missouri-Pac. Transp. Co.

J. C. Duvall, of Fort Worth, and Wm. A. Wade and Carl L. Phinney, both of Dallas, for appellee.

BLAIR, Justice.

This appeal involves the same certificate of convenience and necessity, No. 2335, as was involved in the case of Railroad Commission of Texas v. T. M. Winkle (No. 7865) 57 S.W.(2d) 285, this day decided by this court.

This suit arose in the court below as a consolidated cause comprising two actions, one by the appellants Texas Pacific Motor Transportation Company and the Missouri, Pacific Transportation Company, and the other by appellee, T. M. Winkle, each of which sought to set aside and enjoin in certain respects an order of the Railroad Commission of Texas, it being the defendant in each suit.

The pertinent facts involved are that Winkle became the owner of certificate of convenience and necessity No. 2335, which was issued by the Railroad Commission under chapter 314 of the Acts of the 41st Legislature, and which authorized three round trips per week between Dallas and Henderson, specifying "one schedule from Henderson each Monday, Wednesday and Friday, returning each Tuesday, Thursday and Saturday." After Winkle became the owner of this certificate in April, 1931, he began to operate daily, or six round trip schedules between these points, and continued to so operate until some time in February, 1932. In the interim he had filed with the Railroad Commission, under the provisions of chapter 277, Acts of the 42nd Legislature (Vernon's Ann. Civ. St. art. 911b; Vernon's Ann. P. C. art. 1690b) an application for authority to increase the number of schedules from three to six per week. This application was denied and that order is involved in the case of Railroad Commission v. Winkle (No. 7865) 57 S.W.(2d) 285, this day decided by this court, and is only material here as an overlapping factual question or situation. On June 6, 1931, chapter 277, Acts of the 42nd Legislature, p. 480, became effective, which superseded or amended the former chapter 314 of the 41st Legislature, and which prohibited, like the former act, operations of motor vehicles as common carriers for hire over the highways of this state without first obtaining certificate of convenience and necessity to do so; but section 5 of the act (Vernon's Ann. Civ. St. art. 911b, § 5) reads as follows: "No motor carrier shall hereafter operate as a common carrier for the transportation of property for compensation or hire over the public highways of this State without first having obtained from the Commission under the provisions of this Act a certificate declaring that the public convenience and necessity requires such operation; provided, however, the Commission shall, without application or hearing when this Act goes into effect, issue all motor carriers then operating lawfully under permanent certificates of public convenience and necessity heretofore issued to them, certificates in lieu of the certificates issued under the terms of the former law covering the same routes that said common carrier shall have been operating over, and no more."

In March, 1932, certain common carriers, competitors of Winkle, filed with the Railroad Commission a motion or application to revoke and cancel his certificate of convenience and necessity No. 2335, upon the ground that for months prior and subsequent to the effective date of chapter 277, Acts of the 42nd Legislature, he had been and on that date was operating six schedules per week instead of three schedules per week, in violation of the terms of his certificate, and was therefore not operating "lawfully" within the meaning of section 5 above quoted; and that therefore his certificate issued pursuant to that section was erroneously and invalidly

issued in violation of the statute. The commission heard the application and held that Winkle was operating more schedules than his permit authorized, and as a penalty suspended all operations for ninety days. The commission, however, did not revoke or cancel the certificate as prayed for by the applicants. Appellee appealed from the ninety-day suspension order, but the competitive common carriers who filed the motion did not appeal from the order refusing to revoke or cancel the permit. Appellants, who are competitive common carriers with Winkle in the same territory, filed in the district court of Travis county an injunction to restrain appellee from operating any schedules, and the commission from permitting any operation under the certificate, alleging that because Winkle was operating more than three schedules per week at the time the commission issued his permit under chapter 277, the act of the commission was void in view of section 5 above quoted.

■ Although numerous questions are presented in the appeal by both parties, we have concluded that appellant carriers' propositions 1 and 2 present the controlling question on appeal. They read, as follows:

."1. Inasmuch as the appellee on, prior and subsequent to the effective date of chapter 277 of the General Laws of the 42nd Legislature, Regular Session, was operating contrary to the terms of, and in excess of the authority granted by, his certificate of public convenience and necessity, he was not operating 'lawfully' within the meaning of section 5 of the aforesaid act."

"2. Inasmuch as the appellee was not, on the effective date of chapter 277 of the General Laws of the 42nd Legislature, Regular Session, operating lawfully under his certificate of public convenience and necessity, the new certificate issued to him under section 5 thereof was erroneously and unlawfully issued and constitutes no valid authority for appellee's operations. It should be cancelled and operation thereunder perpetually enjoined."

We do not construe section 5. as contended for by appellants. We think that since the act provided that no hearing was to be had, that "operating lawfully" meant that one who was operating under a certificate duly issued by the commission was a lawful operator so as to entitle him to the issuance of the new certificate as provided by the act. The section provides that the commission may summarily without hearing issue such permit; and, of course, under that circumstance it could not ascertain whether an operator was violating any of the terms of his permit, and shows that the Legislature intended to grant all who had outstanding certificates the right to continue operations.

We think this construction is clear in view

of subdivision (b) of section 12 of the Act (Vernon's Ann. Civ. St. art. 911b, § 12(b), which reads, as follows: "(b) The Commission at any time after hearing had, upon notice to the holder of any certificate or permit and after opportunity given such holder to be heard, may by its order revoke, suspend or amend any certificate or permit issued under the provisions of this Act, where in such hearing the Commission shall find that such certificate or permit holder has discontinued operation or has violated, refused or neglected to observe the Commission's lawful orders, rules, rates or regulations or has violated the terms of said certificate or permit; provided that the holder of such certificate or permit shall have the right of appeal as provided in this Act."

This section contemplated regulation by the commission of operators of motor vehicles as common carriers for hire after the matter of issuing certificates of convenience and necessity under the act had been complied with; one of the main provisions being that the commission, after it was called to its attention that a certificate holder was violating the terms of his certificate or permit, could suspend or cancel the same as in its judgment and discretion the facts would warrant. There is nothing in the act to indicate that the Legislature intended to impose upon the commission the duty of ascertaining before it issued the second certificate under section 5 of the act whether or not one operating under a common carrier certificate was violating the terms of his certificate. It provided that the commission shall issue the new certificate without application or hearing when the act goes into effect, to all motor carriers then operating lawfully under certificates issued under the terms of the former law, covering the same routes, that said common carriers have been operating, and no more. It is, therefore, manifest that the Legislature did not intend to impose upon the commission any inquiry into the question of whether a certificate holder was violating his certificate by operating more schedules than it provided for as a prerequisite to issuance of the new certificate. That was a matter which the act left to the commission under its regulatory supervision, as provided in subdivision (b) of section 12, supra.

Since the order of the commission refusing to cancel the permit is not attacked upon any ground except that it is unauthorized by the statute, there is no further necessity to review the order, and the judgment of the trial court refusing to cancel the permit will be affirmed.

The Attorney General for the Railroad Commission stated in oral argument that he did not care to further prosecute the ninety-day suspension order, and the judgment of the trial court enjoining the commission from

enforcing said suspension order will also be affirmed.

### On Motion for Rehearing.

 The appellant carriers insist on rehearing that this court erred in holding that the order of the commission refusing to cancel the permit was not attacked upon any ground except that it was unauthorized by the statute; and further insist that the appellants did attack the order upon the ground that it was unreasonable and unjust as to them, because the evidence before the Railroad Commission on the hearing to cancel said permit showed that appellee, Winkle, was operating more schedules on that date than his certificate called for.

We disposed of this contention in our original opinion by holding that subdivision b of section 12 of the Act (Vernon's Ann. Civ. St. art. 911b, § 12(b) authorized the commission in its discretion to revoke, modify, or suspend a certificate upon a hearing and proof that the holder had violated some of its terms. The record discloses that the commission held a hearing upon the application to cancel appellee's (Winkle's) permit, because he had or was operating more schedules than his certificate called for, but refused to do so, and merely suspended all operations for ninety days as punishment for the violation. The section of the act referred to authorized the commission to so dispose of such matters, and we find no fact or facts alleged or proved in this case which would show that the commission had abused its discretionary power in this regard.

We overrule the motion for rehearing.

Overruled.