RAILROAD COMMISSION OF TEXAS et al.
v. RAPID TRANSIT CO. et al.
No. 8163.

Court of Civil Appeals of Texas. Austin.
Feb. 26, 1936.

Rehearing Denied March 18, 1936.

Wm. McCraw, Atty. Gen., and Geo. P. Kirkpatrick, Asst. Atty. Gen., for appellants.

Hughes & Monroe and P. P. Ballowe, all of Dallas, for appellees.

McCLENDON, Chief Justice.

Appeal from a final judgment, (1) setting aside an order of the Railroad Commission refusing appellees an application for a contract carrier permit to operate two trucks on certain designated state highways; and (2) perpetually enjoining the commission and its agents from interfering with appellees in the operation of such trucks as such contract carriers.

Appellees, who held a Class B permit under the 1929 act (chapter 314, p. 698, Gen. Laws 41st Leg.Reg.Sess.), seasonably applied for a contract carrier permit under the 1931 act (chapter 277, p. 480, Gen.Laws 42d Leg.Reg.Sess., amending Acts 1929, c. 314), Vernon's Ann.Civ.St. art. 911b, and Vernon's Ann.P.C. art. 1690b). This application was refused September 26, 1932. Amended application was filed October 10, 1932, a rehearing was granted, and the amended. application was refused January 13, 1933. This suit was brought by appellees on January 20, 1933, as an appeal from this latter order.

The commission's opinion sets forth reasons for its refusal substantially as follows:

1. Granting the application "would impair the efficient public service of the common carriers then adequately serving the same territory."

2. The application did not show any particular highways over which appellants sought to operate, but covered all public roads in the state.

3. The commission could not ascertain from the application and evidence before it whether the character of business appellees proposed to engage in constituted that of common carrier or contract carrier.

The permit was properly refused upon the first ground, above. The commission's opinion recites: "It was agreed in the course of the (original) hearing that the schedules and financial conditions of the Texas Electric Railway and the Electric Express and Baggage Company were as shown in the A. & P. cases, which concerned applications of Cathey and Carroll and others for permission to operate as contract. carriers in hauling merchandise

for the Great Atlantic & Pacific Tea Company; and it is likewise found that the schedules and financial conditions of the other common carriers protesting said applications were shown and it was also ordered that the common carrier truck lines would be permitted to file their schedules and financial statements." And further:

"No testimony was offered to show that there was any change either in schedules or the financial conditions of existing common carriers already serving the same territory from that as it appeared upon the original hearing, and the Commission concludes that there was no such change and that the granting of this application would impair the efficient public service of the common carriers then adequately serving the same territory, and that, on the whole, there has been no change in the status of this application or the facts or circumstances surrounding it, except that upon the original application applicants only had four contracts and at this time they allege they have thirty-eight.

"Under the foregoing circumstances, the Commission * * * concludes that the granting of the application would impair the efficient public service of the common carriers then adequately serving the same territory."

█ The transcript of the proceedings before the commission does not show what the evidence was in the referred to hearing of the A. & P. cases, and no evidence of any probative value was offered upon this subject. The order was one which the commission had authority to make and was therefore presumptively valid. The burden was upon appellees to show that this finding of the commission had no reasonable factual basis for its support. This burden was not met, and the trial court therefore erred in setting aside the order. The law upon this question is now so thoroughly settled as to require only a reference to the leading cases thereon. Railroad Commission v. Shupee (Tex.Civ.App.) 57 S.W. (2d) 295, affirmed 123 Tex. 521, 73 S.W. (2d) 505; Railroad Commission v. Winkle (Tex.Civ.App.) 57 S.W.(2d) 287; Texas Motor Coaches v. Railroad Commission (Tex.Civ.App.) 59 S.W.(2d) 923, affirmed 123 Tex. 517, 73 S.W.(2d) 511; Railroad Commission v. George A. Scott Truck Line (Tex.Civ.App.) 57 S.W.(2d) 293; Railroad Commission v. Inter-City F. Co. (Tex.Civ. App.) 57 S.W.(2d) 290; Railroad Commission v. Winkle (Tex.Civ.App.) 57 S.W. (2d) 287; Railroad Commission v. McDonald (Tex.Civ.App.) 90 S.W.(2d) 581.

█ Upon the second ground of refusal the commission's opinion recites: "In this connection it is especially noted that the map only shows the state designated highways, while the applicants proposed to operate their service over all the roads in the state and to all of the cities and towns in the State and to and from Dallas, Texas. The Commission concludes that no change in the status of the application, so far as the condition and character of the roads, has occurred since the hearing upon the original application."

This recitation is manifestly erroneous, as the amended petition does set out specifically the various highways over which appellees desired the permit, and states the character of construction of each highway. The recitation was probably based upon the original application, and the amendment in this regard overlooked. In any event, it affirmatively appears that the commission based its holding in this regard upon the insufficiency of the application and made no fact finding upon the issues whether the designated highways were adequate, or whether such highways were "already subject to such use as would not permit of the use sought to be made by the applicant without unreasonable interference with the use of such highways by the general public for highway purposes." Section 9 of 1931 act, supra; see, also, McDonald Case, supra. Should the evidence upon another trial show that the refusal of the application upon the first ground, above, had no reasonable factual basis for its support, the judgment setting aside the order should reinstate the application for further proceedings before the commission upon the issues involved in the commission's second ground of refusal of the application.

█ The third ground of refusal of the permit was not well taken. The application and the evidence showed that appellees proposed to haul and deliver various specific articles of merchandise or commerce for specifically designated wholesale houses located in Dallas; and did not propose to engage in the business of common carriers.

The trial court's judgment is reversed, and the cause remanded.

Reversed and remanded.