## NORTH EAST TEXAS MOTOR LINES, Inc., v. TEXAS & PACIFIC MOTOR TRANSPORT CO. et al.

### No. 11285.

Court of Civil Appeals of Texas. Galveston.

Nov. 20, 1941.

Rehearing Denied Dec. 11, 1941.

Carl L. Phinney, of Dallas, and Chas. F. Herring, Looney & Clark, and Everett L. Looney, all of Austin, for appellant.

R. S. Shaphard, S. W. Lancaster, W. O. Reed, and W. A. Keeling, all of Dallas, and Black, Graves & Stayton and John W. Stayton, all of Austin, for appellees.

MONTEITH, Chief Justice.

This is an appeal by appellant, North East Texas Motor Lines, Inc., under the Motor Carrier Act, Article 911a and 911b, Vernon's Annotated Civil Statutes, from an order of the Railroad Commission granting appellee, the Texas and Pacific Motor Transport Company, a certificate of convenience and necessity to operate a common carrier motor carrier service over State Highways Nos. 5 and 5-A, between

Sherman and Texarkana, Texas, and serving all intermediate points.

On November 29, 1935, appellee filed with the Railroad Commission its application for a certificate of convenience and necessity to operate over said highways. A hearing was held thereon before a duly appointed examiner of the Railroad Commission in Bonham, Texas, on March 22 and 23, 1938. On April 26, 1938, the Railroad Commission entered its order denying said application. Motion was filed for a rehearing and on a rehearing, at which all parties were present, said application was granted by order entered September 29, 1939. Thereafter appellant appealed from said order of September 29, 1939, to the 53rd District Court of Travis County. In this action it sought to enjoin appellee and the Railroad Commission from taking any action under the certificate issued to appellee by the Commission on September 29, 1939, for the alleged reason that said order was invalid because the Railroad Commission at its hearing on August 15, 1939, on which the order entered on September 28, 1939, was based, was invalid for the reason that the Commission had refused to permit appellant to present evidence. On the trial of said cause, judgment was rendered in favor of appellant, setting aside said order, cancelling the certificate of convenience and necessity issued thereunder, and permanently enjoining both appellee and the Railroad Commission from taking any action under or recognizing said certificate. Said judgment expressly provided, however: "* * * that this judgment shall be and is without prejudice to the rights of (appellee) to again appeal to the Railroad Commission for further hearing on its application for a certificate of convenience and necessity * * * and without prejudice to the Railroad Commission of Texas taking such action * * * in holding further proceedings and hearings and entering such orders granting or denying the application * * * as said Commission may consider just and proper under the law, * * * provided that said Railroad Commission of Texas shall not enter any order granting or denying a certificate upon the said application until and unless upon due notice to all interested parties and conducts a further hearing or hearings at which all interested parties are permitted to appear and offer evidence."

This judgment was not appealed from and became final.

Thereafter, appellee applied to the Railroad Commission and was granted a further hearing on said application and hearings were held thereon at Dallas, Texas, on January 26, 1940, and at Paris, Texas, on February 1, 1940. Appellant appeared at both hearings and protested the granting of the application. On August 28, 1940, an order was entered by the Railroad Commission granting said application. Appellant appealed from this order to the 53rd District Court of Travis County. On the trial of said cause judgment was rendered in favor of appellee, denying appellant a cancellation of said certificate and denying it a permanent injunction.

Appellant unsuccessfully sought in the trial court and here seeks to have the order granting said certificate declared invalid upon the following main grounds: (1) That there was no sufficient showing in the record to support the finding of the Commission that there existed a public necessity and convenience for additional services and facilities such as were offered by appellee; that the existing service over said route was inadequate, or that the highways over which appellee sought to travel were adequate for the service sought and that they were not unduly burdened with the existing traffic; (2) that the order of the Railroad Commission, entered on August 28, 1940, granting appellee's application for said permit, was void for the reason that it was an attempt on the part of the Railroad Commission to change, annul and amend its previous order of September 28, 1939, after it had become final, and that it was an attempt to review, set aside or alter a final judgment of the 53rd District Court; and (3) that the order of the Railroad Commission granting said application was invalid, for the alleged reason that it did not result from a regularly scheduled meeting of the Railroad Commission or a called meeting of the Commission preceded by notice, but that it resulted from an informal conference between two of the Commissioners, of which the third Commissioner had no notice, and at which he was not present.

Appellant's contention that there is not sufficient showing in the record to support the findings of the Commission cannot be sustained. It has been uniformly held that in an action involving Article 911b, Vernon's Annotated Civil Statutes, the Railroad Commission must take into consideration the need of the public for additional transportation facilities, and

whether the highways can stand the additional traffic, and that the matter of granting a certificate of convenience and necessity to common motor carriers over the public highways has been vested by the legislature exclusively in the sound discretion of the Railroad Commission. The weight to be given to evidence adduced at a hearing of an application has been uniformly held to be a matter for the Commission and not for the courts to determine and it is held that, on statutory appeal from an order of the Commission granting such a certificate, the courts are only authorized to review the order of the Railroad Commission to determine if it is within the law and to require that it shall be based on substantial evidence and not upon an arbitrary or capricious exercise of the Commission's authority, and that the court is not authorized to substitute itself for the Commission to try the matter anew as an administrative body, substituting its findings of fact for those of the Commission. Central Freight Lines v Sadler, Tex.Civ.App., 147 S.W.2d 1102, and cases there cited; Railroad Commission v. Rapid Transit Co., Tex.Civ.App., 92 S.W.2d 261.

It appears from the record in the instant case that the Railroad Commission entered its order of August 28, 1940, granting appellee's application after full hearings before authorized representatives of the Commission and after notices of said hearings had been sent to all interested parties.

The Commission's order granting appellee its permit contains full findings of fact, including findings that the facilities maintained and the services rendered by appellant were inadequate; that the greatest good to the public would come from permitting appellee to supplement the existing facilities and service, rather than to require appellant to supplement its facilities; that the granting of appellee's application would provide a transportation service not then being satisfied by the existing facilities, and that the Commission was of the opinion and found that public convenience and necessity required the granting of the application.

▆▆ The Commission was authorized to base its findings not only on the facts adduced at said hearings, but, in the absence of evidence to the contrary, on the presumption that the conditions of said highways were the same in 1940 as they were in 1938, at which time a hearing was had on said application by the Commission in Bonham, Texas. Texas & P. R. R. Co. v. Capper, 38 Tex.Civ.App. 61, 84 S.W. 694; Philadelphia Trust Co. v. Johnson, Tex.Civ.App., 257 S.W. 280; Grand Prairie Gravel Co. v. Joe B. Wills Co., Tex.Civ.App., 188 S.W. 680; Whitley v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 183 S.W. 36. Further, the Railroad Commission, by reason of its regulation of transfer agencies, is constantly being apprised of highway conditions and it has been uniformly held that, in making its decisions in respect to this question, the Commission may rely upon its general knowledge thereof. Railroad Commission v. McDonald, Tex.Civ.App., 90 S.W.2d 581; Railroad Commission v. Southwest Greyhound Lines, Tex.Civ.App., 92 S.W. 2d 296, reversed on other grounds, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1255.

Appellant's contention that said order entered August 28, 1940, was void, for the reason that it was an attempt to annul a previous order after it had become final and to review and set aside a final judgment of the district court, cannot be sustained.

The record shows that on September 28, 1939, the Railroad Commission entered its order granting appellee the application requested by it; that appellant appealed to the district court from said order and sought an injunction against the Commission and appellee, preventing appellee from operating under the permit. In its petition, appellant asserts that the order was invalid for the reason that the Commission had, at its hearing on August 15, 1939, on which hearing the order of September 28, 1939, was based, refused to permit appellant to present evidence. On November 10, 1939, the 53rd District Court of Travis County rendered its judgment granting appellant the injunction sought, expressly providing, however, that it was without prejudice to the rights of appellee to again apply to the Railroad Commission for further hearings on its said application and without prejudice to the Railroad Commission taking such actions in holding further proceedings and hearings and entering such orders granting the application as the Commission might consider to be just and proper under the law. The said judgment provided, however, that the Railroad Commission should not enter any order granting a certificate on said ap-

930

plication until and unless all interested parties had been notified and were present to appear and offer evidence.

■ It is apparent from above facts that the effect of the judgment rendered by the 53rd District Court, which became final, was that the Commission might hold further hearings and might, after such hearings, enter an order granting or denying the permit. That judgment is binding upon appellant and it is estopped, by virtue of the fact that no appeal was taken therefrom, to contend that the Commission had no right to further consider appellee's application and to take such action upon it as it deemed justified and proper.

■ It is apparent from the record that said order of September 28, 1939, granting the application of appellee, did not become final because appellant availed itself of its statutory right to appeal therefrom under Section 20 of said Article 911b, and that thereby the matters contained therein remained open; that the 53rd District Court, when it entered its judgment, continued to keep the matter open by providing that the Commission might take such further action in the premises after notice and hearing as it deemed justified, and the Commission's action in thereafter again granting the permit are all steps in the same cause by reason of the fact that after the Commission entered its order of August 28, 1940, granting said certificate from which order appellant again availed itself of its statutory right to appeal.

Appellant's contention that the order of the Railroad Commission granting said application was void, for the alleged reason that it resulted from an informal conference between two of the Commissioners of which the third Commissioner had no notice and at which he was not present, must be overruled.

The record shows that Commissioner Sadler testified that he had discussed the merits of appellee's application with Commissioner Smith who acted with him in granting said permit. He testified that the Commission had never followed the practice of holding formal meetings pursuant to notice to all Commissioners, except for a short time in 1932, during which period the practice of holding such meetings proved impracticable because of press of business upon the Commission; that the Commission had always followed the practice of issuing orders granting or refusing highway permits pursuant to informal

meetings held in the Commission offices and that the Commission was accustomed to act at any time two of the Commissioners got together in the Commission's offices. Commissioner Thompson corroborated Commissioner Sadler's testimony in this respect. Commissioner Thompson testified that he did not hear any testimony in connection with said application taken subsequent to September 28, 1939, and that he had not discussed the matter with the other Commissioners subsequent to that time; that no part of the transcript of the proceedings were submitted to him and that he did not participate in the order of the Commission. The order in question was signed by the other two Commissioners.

The identical question under consideration has been decided by the Austin Court of Civil Appeals, contrary to appellant's contention, in the case of Sunshine Bus Lines v. Railroad Commission, Tex.Civ. App., 149 S.W.2d 228, 230. The court, in its opinion in the Sunshine Bus case, pointed out the fact that the material portions of Section 12 of said Article 911a of the Motor Carrier Law provide: "* * * The Commission or any member thereof, or authorized representative of the Commission, shall have the power to compel the attendance of witnesses, swear witnesses, take their testimony under oath, make record thereof, and if such record is made under the direction of a Commissioner, or authorized representative of the Commission, a majority of the Commission may upon the record render judgment as if the case had been heard before a majority of the members of the Commission. The Commission shall have the power and authority under this Act (Art. 911a; P.C. Art. 1690a) to do and perform all necessary things to carry out the purpose, intent, and provisions of this Act * * *, whether herein specifically mentioned or not, and to that end may hold hearings at any place in Texas which it may designate."

Article 14, R.S.1925, provides: "The majority of any legally constituted board or commission, unless otherwise specifically provided, shall constitute a quorum for the transaction of business."

■ It is obvious from a reading of the above quoted portion of said Article 911a that the statutes do not require that meetings of the Commission be held at fixed times or that notice of meetings held

be given all commissioners or that all members be present for the transaction of the business of the Commission. On the contrary, they provide that a majority of the Commission may transact its business. It appears from the record that appellant was afforded a full hearing on appellee's application before a legally appointed examiner of the Commission, who had the testimony adduced at the hearing reduced to writing and submitted to the Commission. The testimony was discussed by Commissioners Sadler and Smith, both of whom signed the order. We think these facts constitute a substantial compliance with the statutes.

We have fully considered all other propositions presented in appellant's brief. None of them, in our opinion, show error in the record which requires a reversal of the judgment. The judgment will, therefore, be in all things affirmed.

Affirmed.