**WEBSTER et al. v. TEXAS & PAC. MOTOR TRANSP. CO. et al.**

No. 11286.

Court of Civil Appeals of Texas. Galveston.

Nov. 25, 1941.

Rehearing Denied Dec. 18, 1941.

Carl L. Phinney, of Dallas, and Chas. F. Herring, Looney & Clark, and Everett L. Looney, all of Austin, for appellants.

R. S. Shapard, S. W. Lancaster, and W. O. Reed, all of Dallas, and W. A. Keeling, Black, Graves & Stayton and John W. Stayton, all of Austin, for appellees.

MONTEITH, Chief Justice.

This is an appeal by appellants, M. R. and M. S. Webster, under the Motor Carrier Act, Articles 911a and 911b, Vernon's Annotated Civil Statutes, from an order of the Railroad Commission granting appellee, the Texas and Pacific Motor Transport Company, a certificate of convenience and necessity to operate a common carrier motor carrier service over and along U. S. Highway No. 377, State Highway No. 10, and U.S. Highway No. 282, between Fort Worth and Sherman, Texas, serving all intermediate points.

On October 7, 1939, appellee, the Texas and Pacific Motor Transport Company, filed its application with the Railroad Commission of Texas for a certificate of convenience and necessity to operate over said highways. The application was later amended. Thereafter, after notice had been given to interested parties, two hearings were held on said application by a duly authorized examiner of the Railroad Commission, one at Fort Worth, Texas, on March 15, 1940, and one at Denton, Texas, on May 23, 1940. After said hearings, the examiner for the Commission made a written report of the testimony adduced thereon. On September 6, 1940, the Railroad Commission entered its order granting said application. The order was signed by two members of the Railroad Commission, Lon A. Smith, Chairman of the Railroad Commission, and Jerry Sadler, Commissioner. Appellants' exceptions and motion for rehearing were denied, and on October 15, 1940, they filed suit in the 53rd District Court of Travis County, Texas, seeking an injunction against the Railroad Commission of Texas and The Texas and Pacific Motor Transport Company to restrain them from giving effect to the application and to cause it to be cancelled. On the trial of said cause without a jury, judgment was rendered in favor of appellee, denying appellants the cancellation of said certificate and denying them a permanent injunction.

Appellants unsuccessfully sought in the trial court and here seek to have the order granting said certificate declared invalid, upon the following main grounds;

(1) That there was no sufficient showing in the record to support the findings of the Commission that there existed a public necessity and convenience for additional services and facilities, such as were offered by appellee; or that the highways sought to be travelled were adequate for the service sought or that they were not unduly burdened with the existing traffic;

(2) That the order of the Railroad Commission granting appellee's application for said permit was invalid, for the alleged reason that it did not result from a regularly scheduled meeting of the Railroad Commission, or a called meeting of the Commission preceded by notice, but that it resulted from an informal conference between two of the Commissioners of which the third Commissioner had no notice and at which he was not present;

(3) That said order of the Railroad Commission granting said application was invalid for the alleged reason that it authorized a railroad to control a parallel or competing line.

While the causes are not the same, the exact questions involved in the first two main grounds on which appellants seek to have said certificate declared invalid, namely, that there was no sufficient showing in the record to support the findings of the Commission and that the order of the Commission was void for the alleged reason that it resulted from an informal conference between two of the Commissioners of which the third Commissioner had no notice and at which he was not present, were decided and fully discussed by this court in an opinion handed down on November 20, 1941, in cause No. 11,285, entitled North East Texas Motor Lines, Inc., v. Texas and Pacific Motor Transport Company et al., 159 S.W.2d 926.

As stated in the previous opinion, it is the opinion of this Court that in an action involving Article 911b, Vernon's Annotated Civil Statutes, the weight to be given to evidence adduced at a hearing of an application for a certificate of conven-

ience and necessity has been uniformly held to be a matter for the Commission and not for the courts to determine, and that the courts are only authorized to review the order of the Commission to determine if it is within the law and to require that it shall be based on substantial evidence and not upon an arbitrary and capricious exercise of the Commission's authority, Central Freight Lines v. Sadler, Tex.Civ. App., 147 S.W.2d 1102; Railroad Commission v. Rapid Transit Co., Tex.Civ.App., 92 S.W.2d 261, and that the Railroad Commission is authorized to base its findings on facts adduced at said hearings upon its general knowledge of highway conditions acquired by the Commission by reason of its regulation of transfer agencies. Railroad Commission v. McDonald, Tex.Civ. App., 90 S.W.2d 581; Railroad Commission v. Southwestern Greyhound Lines, Tex.Civ.App., 92 S.W.2d 296, reversed on other grounds 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1255.

The Commission's order granting appellee its permit contains full findings of fact, including findings that the public would be best served by appellee rather than by undertaking to order appellants to furnish facilities which they had not seen fit to provide of their own volition, and that the public would be best and most adequately served by granting the application, and that there existed a public necessity for such service and that public convenience would be promoted by granting said application and permitting the operation of motor vehicles on the highways designated.

Appellants' contention that the order of the Railroad Commission granting said application was void for the alleged reason that it resulted from an informal conference between two of the Commissioners of which the third Commissioner had no notice and at which he was not present, are similar to those urged in the case of North East Texas Motor Lines, Inc., v. Texas and Pacific Motor Transport Company et al., above referred to, and the facts are similar in all material respects to the facts in said case. As stated in the previous opinion, it is the opinion of this Court that this identical question has been decided by the Austin Court of Appeals contrary to appellants' contentions in the case of Sunshine Bus Lines v. Railroad Commission, 149 S.W.2d 228.

■■ In each of these cases two of the Commissioners signed the order granting said certificate at an informal meeting of which the third Commissioner had no notice. As stated in the previous opinion, it is obvious from a reading of Article 911a that the statutes do not require that meetings of the Commission be held at fixed times or that notice of meetings held be given all Commissioners, or that all members be present for the transaction of the business of the Commission.

■ Appellants make the additional contention in this suit that the order of September 6, 1940, granting appellee said certificate of convenience and necessity is invalid for the alleged reason that it is an attempt to authorize appellee to carry on operations in violation of Article 10, Sec. 5, of the Constitution of the State of Texas, Vernon's Ann.St. This contention cannot be sustained for the reasons:

(1) That the constitutional provision referred to does not attempt to prevent a railroad corporation from controlling a truck line; and

(2) for the reason that the point raised by appellants can only be raised by the State in a proceeding brought by the Attorney General.

■ Section 5 of said Article 10 of the Constitution provides, in substance, that a railroad corporation shall not in any way control any other railroad corporation owning a parallel or competing line. It makes no reference to truck lines. The rule has been established by the Texas courts and supported by the great weight of authority from other jurisdictions, that the question of whether or not a corporation has acted in excess of its lawful powers can be raised only by one interested in the corporation, or in a direct proceeding brought by the State either to forfeit the charter or to subject the corporation to punishment for the unlawful act. Staacke v. Routledge, 111 Tex. 489, 241 S.W. 994; New Orleans, M. & T. R. Co. v. Ellerman, 105 U.S. 166, 26 L.Ed. 1015; 7 R.C.L., 532, Sec. 516.

■ Under above holdings, we think that even if the constitutional provision in question denies the railroad company the power to control appellee in the instant case, this question cannot be raised by appellants, since the only question involved in this appeal is the validity of the Commission's action in granting the permit.

We have considered all propositions and points presented in appellants' brief. None of them, in our opinion, show error in the

record which requires a reversal of the judgment. The judgment will, therefore, be in all things affirmed.

Since the issues in this case are primarily issues of fact and not of law, and since they present no question or application of any rules of any interest or importance to the jurisprudence of the state, it is ordered that it be not published under authority of rule No. 452, Rules of Practice and Procedure of Civil Actions, until an application for a writ of error has either been refused or granted by the Supreme Court.

Affirmed.