**HOUSTON & NORTH TEXAS MOTOR FREIGHT LINES, Inc., et al. v. JOHNSON et al.**

No. 11287.

Court of Civil Appeals of Texas. Galveston.

Dec. 11, 1941.

Rehearing Denied Jan. 8, 1942.

Carl L. Phinney, of Dallas, and Chas. F. Herring, Looney & Clark, and Everett L. Looney, all of Austin, for appellants.

H. Grady Chandler, of Austin, and Adair Dyer, of Dallas, for appellee S. W. Transp. Co.

T. S. Christopher, of Fort Worth (Locke, Locke, Dyer & Purnell, of Dallas, and Culbertson, Morgan, Christopher & Bailey, of Fort Worth, of counsel), for appellee Johnson.

CODY, Justice.

This suit was instituted in Travis County as an appeal from an order of the Railroad Commission which had granted to appellee W. A. Johnson his application to sell a portion of common carrier motor certificate No. 2023. At the time Johnson filed his application whereby he sought to sell a portion of certificate No. 2023 to the Southwest Transportation Company, he was also the owner of common carrier motor certificate No. 2225. The first certificate had been granted to him by the Railroad Commission in 1933; the latter certificate had been granted to another but had been purchased by him. By the first certificate (i. e., 2023), Johnson was permitted to operate a common carrier freight line from Dallas to Rising Star, Texas, serving all intermediate points, including Fort Worth. By the latter certificate he was permitted to operate a freight line from Dallas to Big Spring via Abilene and Sweetwater, and also from Dallas to San Angelo via Abilene and Ballinger, serving Fort Worth. Thus Johnson's two certificates overlapped in so far as service from Dallas to Fort Worth was concerned. And at that time the Southwestern Transportation Company, which operated a freight line from points in East Texas to Dallas, had not the right to operate trucks from Dallas to Fort Worth, and desired to obtain such right from Johnson.

Johnson and the Southwestern Transportation Company entered into a contract, subject to the approval of the Commission, whereby Johnson was to sell to the transportation company that portion of certificate No. 2023 which permitted the operation of trucks between Dallas and Fort Worth, but desired to retain the right to continue to serve intermediate points between Dallas and Fort Worth in virtue of certificate No. 2023. It appears that prior to the filing of the applications Johnson had been operating twenty trucks a day between Dallas and Fort Worth.

In its opinion on the hearing the Commission said, in part:

"We conclude that the vendor (Johnson) may sell that part of certificate No. 2023, as proposed in the contract. The reservation of service to intermediate points would be to split a certificate lengthwise which may not be done. Vendor will therefore be required hereunder to merge the residue of certificate No. 2023 with certificate No. 2225. After this sale and transfer vendor shall be authorized to continue to serve Dallas and Ft. Worth and intermediate points under certificate No. 2225.

"We further find that the proposed sale is in good faith; that the purchaser is capable of continuing such operations and rendering an adequate and efficient service, and is in the public interest."

It was also stated in the Commission's order "Since vendor is now operating twenty trucks * * * on certificates Nos. 2023 and 2225 jointly (so far as relates to the route between Dallas and Ft. Worth) some definite number of vehicles must have been assigned to each of said certificates. Any approval of this sale will not authorize an increase of the number of vehicles presently operated." The order goes on to state that after the sale the number of trucks to be operated by the vendor and vendee between Dallas and Fort Worth shall not exceed twenty trucks daily.

Appellants attack the order granting the application to sell a portion of certificate No. 2023 as being void on these three grounds:

1. That the Railroad Commission had no power to make such an order.

2. That the order undertook to set up a new service, and was issued without evidence to show convenience and necessity.

3. That the order was the individual act of two of the commissioners, and not an order of the Commission as such.

█ It cannot be questioned that the Commission has only such powers as are expressly granted to it or are necessary to effectuate the objectives of those expressly granted. Railroad Commission v. Red Arrow Freight Lines, Tex.Civ.App., 96 S.W.2d 735. But such rule certainly has no application where the Commission exercises a power expressly granted to it by statute. And it is obvious that in making the order granting the applications the Commission was purporting to exercise the power granted it by Sec. 5 of Art. 911b, Vernon's Ann.Tex.Civil Statutes.

█ Art. 911b, Sec. 5, reads, in part, as follows: "Any certificate held, owned or obtained by any motor carrier operating as a common carrier under the provisions of this Act may be sold, assigned, leased, transferred or inherited; provided, however, that any proposed sale * * * shall be first presented in writing to the Commission for its approval or disapproval, and the Commission may disapprove such proposed sale * * *." This statute grants the Commission the mere administrative power to approve or dis-

approve proposed sales of property rights in certificates. But it affixes to certificates clear and undoubted property rights, and property rights are subject to the rule of law applicable to property rights. The property right whereby an owner is entitled to sell and convey any given property ordinarily carries with it the right to sell and convey a portion thereof. It is stated in the opinion of the Commission authorizing the sale of a portion of certificate No. 2023, "The right of property which is secured by Section 19, Art. I of the Constitution [Vernon's Ann.St.], consists not merely in the ownership and possession of property but also in the unrestricted right of the use, enjoyment and disposal thereof, subject only to the police power." And this is well settled law. The restriction placed upon the right of sale as applied to a certificate is that it must be with the approval of the Commission. The right to sell less than an entire or whole certificate is a property right, and the Commission could not arbitrarily decline to approve the sale of a certificate or a portion thereof, for the administrative duty imposed upon it either to approve or disapprove sales of certificates cannot be arbitrarily exercised. In other words, the power of the Commission to approve or disapprove the sale of the property in a certificate is undoubted, and if its approval or disapproval is to be held void, it could be only on the ground that it exercised such power in a purely arbitrary manner.

█ The Railroad Commission has, it appears, since 1931, been authorizing sales of portions of certificates where the certificate is severed "horizontally", and is not divided "lengthwise". In administering its duties under Section 5, Art. 911b, the Commission is bound to construe the meaning thereof. The Legislature, which has amended the Act, of which Art. 911b forms a part, several times since 1931, has never seen fit to in any way indicate that the Commission has not given the true interpretation to Sec. 5, Art. 911b. And it is well settled that the construction given to an act by one whose duty it is to administer it is entitled to great weight. Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305; Harris County v. Crooker, 112 Tex. 450, 248 S.W. 652. And such construction should be adhered to unless clearly erroneous. Western Public Service Co. v. Meharg, 116 Tex. 193, 288 S.W. 141, 292 S.W. 168.

908

■■ We therefore overrule the contention that the order was void as being beyond the power of the Commission. Furthermore, we consider the Commission peculiarly competent to determine the fact issue of whether the order set up a new service. In any case the order was carefully framed to prevent any new service between Dallas and Fort Worth. And we hold that the order did not set up a new service.

■ The applications filed by Johnson (to divide and sell a portion of certificate No. 2023) were consolidated for hearing, and a hearing thereon had before an Examiner on December 9, 1938. After the hearing, but before action thereon, an order was entered requesting oral argument, which was had before the Director of the Motor Transportation Division of the Railroad Commission, the Honorable James E. Kilday. Thereafter the Commission obtained from the Attorney General an opinion relative to its power to grant an application to divide a certificate, and whether there was a merger of certificates Nos. 2023 and 2225 between Dallas and Fort Worth when they were subjected to the common ownership of Johnson. The facts with reference to the action of the Commission in granting the order of October 23, 1939, are essentially the same as those dealt with in North East Texas Motor Lines, Inc., v. Texas & Pacific Motor Transport Company et al., 159 S.W.2d 926, decided by this Court on November 20, 1941, and in Webster v. Texas & Pacific Motor Transport Company et al., 159 S.W.2d 902, decided by this Court on November 25, 1941, opinion by Chief Justice Monteith in each case. Commissioner Thompson was not present and did not hear the oral argument on the applications here involved. The record in the case was brought to him by Mr. Kilday, at which time it had already been signed by Commissioner Smith, and he never discussed the record with Commissioner Smith. And he never discussed it with Commissioner Sadler; and no meeting was called to pass upon the record. Upon the authority of the cases decided by this Court, above cited, we overrule the contention that the action was void, as not being that of the commission.

Since the issues in this case present no question or application of any rules of any interest or importance to the jurisprudence of the State, it is ordered that this opinion be not published under authority of Rule 452, Texas Rules of Civil Procedure, until

an application for a writ of error herein has either been refused or granted by the Supreme Court.

Finding no error in the judgment, the same should be affirmed.

It is so ordered.

Affirmed.