

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL          AUSTIN, TEXAS

ATTORNEY GENERAL

April 27, 1949

Hon. W. J. Murray, Jr., Chairman
Railroad Commission of Texas
Austin, Texas

Opinion No. V-814

Re: The authority of the
Railroad Commission to
set an application for
a certificate of con-
venience and necessity
for hearing during a
legislative session, an
interested party hav-
ing requested postpon-
ment because his attor-
ney is a member of the
Legislature.

Dear Sir:

       Your letter requesting the opinion of the
Attorney General on the above question sets forth
certain facts which, for brevity, we have condensed
as follows:

       On January 29, 1949, there was filed with
the Motor Transportation Division of the Railroad
Commission, an application for a certificate of con-
venience and necessity to operate a motor bus com-
pany between certain cities. The application was
filed by a firm of attorneys, one of whom is a mem-
ber of the 51st Legislature, now in session. On the
call of the docket on February 1, 1949, a protesting
motor bus company filed by and through its General
Manager and its attorney, also a member of the 51st
Legislature, a motion that the application not be
set for hearing until ten days after adjournment of
the 51st Legislature, on the grounds that its attor-
ney was a member of the 51st Legislature and was pres-
ently in actual attendance on its regular session. A
notation was then made by the Commission on the dock-
et sheet to "Pass for duration of Legislature." On
March 25, 1949, the applicant, by and through its at-
torneys, filed a motion that the order or notation on

the docket sheet passing the application until adjournment of the 51st Legislature be set aside and said applicant be given an early hearing.

Your specific question is as follows:

"Under the above facts does the Railroad Commission of Texas have authority to set said application for hearing prior to ten days after the adjournment of the 51st Legislature?"

Under the provisions of Article 911a, V.C.S., the Railroad Commission is given authority to set and hold hearings on applications for certificates of convenience and necessity for bus routes. Nothing is contained in its provisions which limits the authority of the Railroad Commission to set hearings.

It is evident that the application for continuance in this instance was made pursuant to the provisions of Article 2168a, V.C.S., which reads as follows:

"In all suits, either civil or criminal, or in matters of probate, pending in any court of this State at any time within ten (10) days of a date when the Legislature is to be in session, or at any time the Legislature is in session, it shall be mandatory that the court continue such cause if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney for any party to such cause, is a member of either branch of the Legislature, and will be or is in actual attendance on a session of the same. Where a party to any cause is a member of the Legislature, his affidavit need not be corroborated. On the filing of such affidavit, the court shall continue the cause until ten (10) days after the adjournment of the Legislature and such affidavit shall be proof of the necessity for such continuance, and such continuance shall be deemed one of right and shall not be charged against the party receiving such continuance upon any subsequent application for continuance. It is

hereby declared to be the intention of
the Legislature that the provisions of
this section shall be deemed mandatory
and not discretionary."

It will be noted that the above Statute
is expressed in clear and unambiguous language and
its meaning is clear and obvious. It is well set-
tled in this State that such a statute must be ap-
plied and enforced as it reads, regardless of its
policy or purpose or the justice of its effect. 39
Tex. Jur. 161, Statutes, Sec. 88. By its express
provisions, the Statute applies only to "suits,
either civil or criminal, or in matters of probate,
pending in any court of this State."

Section 1, Article V, Constitution of Tex-
as, provides in part:

"The judicial power of this State
shall be vested in one Supreme Court, in
Courts of Civil Appeals, in a Court of
Criminal Appeals, in District Courts, in
County Courts, in Commissioners Courts, in
Courts of Justices of the Peace, and in
such other courts as may be provided by
law.

"   .  .  .

"The Legislature may establish such
other courts as it may deem necessary and
prescribe the jurisdiction and organiza-
tion thereof, and may conform the juris-
diction of the District and other inferior
courts thereto."

It will be noted that the Railroad Commis-
sion is not named in the above provisions. In Carr
v. Stringer, 171 S.W.2d 920 (Tex. Civ. App. 1943, er-
ror ref. w.o.m.) the court stated:

"We have observed that the 'judicial
power of the State' is vested by the Con-
stitution in named courts and such other
courts as the Legislature shall create and
prescribe their jurisdictions. Certainly
in the creation of the Railroad Commission

the Legislature did not attempt to create any other court than those named in the Constitution. . . .

"We think the Railroad Commission is an administrative body or board, and although it is empowered to summon witnesses and hear evidence before passing upon administrative matters, such acts are not 'in the exercise of the judicial power'."

That case further held that a layman was not guilty of illegally practicing law (practicing without a license) because appearing before the Commission did not constitute the practice of law within the meaning of those statutes relating to the practice of law.

It is recognized that the Railroad Commission, in acting upon applications for certificates of convenience and necessity "exercises its powers and authority merely as an arm of the Legislature and as an administrative body". Railroad Commission of Texas v. Winkle, 57 S.W.2d 285 (Tex. Civ. App. 1933). In Southwestern Greyhound Lines v. Railroad Commission, 208 S.W.2d 593, (Tex. Civ. App. 1948, error ref.n.r.e.) it was expressly held that the Railroad Commission of Texas is not a court.

In view of the above decisions it is clear that the provisions of Article 2168a do not apply to hearings before the Railroad Commission upon applications for certificates of convenience and necessity. We have been able to find no statute limiting the authority of the Railroad Commission to set such hearings during a legislative session. Therefore, an interested party having made application for a continuance upon the grounds that its attorney is a member of the Legislature, it is within the sound discretion of the Railroad Commission to determine whether the hearing will be thus continued or set at an earlier date.

### SUMMARY

The Railroad Commission of Texas is not a court. Carr v. Stringer, 171 S.W.2d 920 (Tex. Civ. App. 1943, error ref. w.o.m.), Southwestern Greyhound Lines v. Railroad

Hon. W. J. Murray, Page 5 (V-814)

Commission, 208 S.W.2d 593 (Tex. Civ. App. 1948, error ref. n.r.e.). Accordingly the provisions of Article 2168a, V.C.S., do not apply to hearings before it.

The question of whether a Railroad Commission hearing shall be set during or after a Legislative Session, an interested party having requested postponment because its attorney is a member of the Legislature, is a matter wholly within the sound discretion of the Commission.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By       Durward M. Goolsby
               Assistant

DMG:lg:mrj

APPROVED

Price Daniel
ATTORNEY GENERAL